DECATUR *v.* TOWN BOARD OF DECATUR.

## The People on the relation of the Village of Decatur v. The Township Board of Decatur.

*Mandamus: Liquor tax: Villages: Townships.* The right of villages to the liquor tax collected within their borders is sustained; and such a tax belonging to a village having been assessed and collected by the township officers and used for township purposes, *mandamus* is granted to require it to be paid over to the village authorities.

*Mandamus: Disputed claim: Admitted facts:* The question involved being purely one of law, and there being no disputed questions of fact, the claim is in no proper sense a disputed claim, requiring a formal trial; and it would be idle to send such a case to a jury when it would be the duty of the court to instruct the jury to return a verdict for the relator.

*Heard January 18. Decided January 21.*

Application for *Mandamus.*

This is an application to require respondents to pay over certain moneys collected in the village under the liquor tax law. The assessment was made by the township instead of the village authorities, and the taxes have been paid over to the township by the parties assessed.

*Newton Foster,* for the relator.

*H. F. Severens,* for respondents.

COOLEY, CH. J:

We assent fully to the principles laid down by counsel for the respondents regarding the writ of *mandamus,* and the cases to which, in general, it is applicable. But we have not been able to concur in their application to the present case.

In our view, the right of the relator to the tax in question is clear. It is not disputed that the village assessor might, and should, have made the assessment, and that if he had done so, the tax should have been collected for, and paid over to the village. But his failure to do so can work

no estoppel against the village, in favor of the township. The township has in no way changed its position in consequence, except as it has received this money; and the mere receipt of money by a party not entitled can of itself create no equity in his favor. The township assessor, in making an assessment he had no right to make, was not the agent of the township, and not entitled to compensation from it.

The controversy here appears to us to be simple. The village had a right to assess certain taxes, which should then be collected for its use. The township officer has assessed them without authority. The parties assessed have paid over, though probably under no obligation to do so, and the township has had and used the money. It is possible that the village assessor might have disregarded what was done, and made a lawful assessment himself, but it is manifestly wiser and more proper that the village should sanction the collection and claim the money, instead of exciting litigation by new proceedings. There are no disputed questions of fact in the case, and therefore the claim is in no proper sense a disputed claim, requiring a formal trial. The question involved is purely one of law, and the township disputes the demand only as any party in any case may dispute the right of another which depends on questions of law. It would be worse than idle to send such a case to a jury, when, if sent, it would be the duty of the court to instruct the jury to return a particular verdict.

The fact that the township has used the moneys will excuse from present payment in money, but the relator is entitled to a township order, and the writ should issue as prayed.

The other Justices concurred.