The Board of Comm'rs of Boone Co. *v.* The State, *ex rel.* Titus.

THE BOARD OF COMMISSIONERS OF BOONE CO. *v.* THE STATE,. EX REL. TITUS.

MANDATE.—*Alternative Writ.—Complaint.—Practice.*—An alternative writ of mandate constitutes the plaintiff's cause of action or complaint, to which the defendant may demur or plead, as in an ordinary action.

SAME.—*Return.—Answer.*—The defendant's return to such writ constitutes. his answer, in which he may set up, in separate paragraphs, the general denial and any affirmative matters of defence, and to these affirmative paragraphs the plaintiff may demur or plead.

SAME.—*Approval of Sheriff's Bond.—Duty of County Commissioners.*—It is the duty of the proper board of county commissioners, or a majority, either in. term time or in vacation, without a precept therefor, to meet in the office of the auditor of the county, within ten days after the commencement of the term of office of the sheriff of such county and his receipt of his commission, to approve his official bond. And in case of their failure to approve a sufficient bond presented by him, they may be compelled so to do, or show cause why they should not, by an alternative writ of mandate.

SAME.—*Board of Canvassers of Election.—Certificate of Clerk.—Commission Issued by Governor.*—In an action by the State, on the relation of one claiming to be sheriff, to compel the board of county commissioners, by mandate, to approve his official bond, the defendant made a return, alleging that a third person had been declared by the board of canvassers elected sheriff, and had received from the clerk of such board a certificate thereof, and had entered upon and was then lawfully discharging the duties of sheriff; that there was no vacancy in the office; that the relator had never been elected or appointed sheriff; and that he had procured his. commission from the Governor on false and fraudulent affidavits and representations, varying the declaration of such canvassers and the certificate of their clerk.

*Held,* on demurrer, that the answer is sufficient.

*Held,* also, that the commission issued by the Governor was, at most, merely *prima facie* evidence of its own recitals, and was not conclusive.

From the Boone Circuit Court.

*T. J. Terhune* and *C. S. Wesner,* for appellant.

*S. H. Buskirk* and *J. W. Nichol,* for appellee.

HOWK, J.—The relator of the appellee, upon his affidavit filed, moved the court below for an alternative writ of mandate against the appellant, requiring the board of commissioners of Boone county to show cause why they

did not approve the official bond of said relator, as the sheriff of said county.

In his affidavit the relator said, in substance, that, on October 10th, 1876, he was duly elected sheriff of Boone county, Indiana, at the general election then held in said county; that, on February 16th, 1877, he was duly commissioned by the Governor of this State, under the State seal, authorizing him, the relator, to serve as such sheriff for two years from said last named day, and until his successor should be elected and qualified; that, on February 17th, 1877, he caused the auditor of said county to call the then commissioners of said county, naming them, to meet at the auditor's office of said county, in Lebanon, for the purpose of approving the official bond of said relator, as sheriff of said county; that, on said last named day, the said auditor called said commissioners to meet at his office in Lebanon, on February 19th, 1877, for the purpose of approving his bond as such sheriff; that, pursuant to said call of said auditor, two of said commissioners, naming them, met on said last named day, at said auditor's office, in Lebanon, and duly organized the court of said board of commissioners, for the purpose of considering the approval of the official bond of the relator, as such sheriff; that, on said day, the relator presented to said board of commissioners, while in session, his bond as such sheriff, payable to the State of Indiana, in the penal sum of five thousand dollars, duly signed and acknowledged by himself as principal, and fourteen other persons, naming them, as securities, before a notary public of said county, a copy of which bond was filed with, and made part of, said affidavit, conditioned according to law, for the approval of said board; that, with his said bond, the relator then and there presented to said board of commissioners, then in session, his said commission as sheriff, and demanded that the bond be approved by said board, which the said board of commissioners refused to do, for no legal

reason whatever, and then and there refused to approve or disapprove of the relator's said bond, as would more fully appear from the record of the proceedings of said board, a copy of which record was filed with, and made part of, said affidavit; that the said securities, naming them, whose names appeared on said bond, were all *bona fide* residents of said Boone county, and were the owners in fee-simple, and in their own right, of real estate in said county, of the value of one hundred thousand dollars, over all encumbrances thereon; that said board of commissioners had full authority to approve said bond; that the relator had no other or different remedy at law to have his said bond approved, other than the writ of mandate against said board; that the relator had then and there complied with all the other requirements of law to entitle him to have his bond approved by said board; that the said board of commissioners, then and there disregarding their duty, wrongfully, arbitrarily and maliciously refused to approve or disapprove his said bond, and that the relator was, and had been for twenty years last past, a *bona fide* resident of said Boone county; that he was a male person over the age of twenty-one years, and that he was, on said 10th day of October, 1876, and ever since had been, eligible to the office of sheriff of said Boone county.

On this affidavit and the relator's motion, an alternative writ of mandate, in which the affidavit and the exhibits therewith filed were recited, was issued to the appellant, the board of commissioners of Boone county, requiring the said board to appear before the court below, on a day named, and approve the official bond of the relator, as sheriff of Boone county, or ."show a good and lawful cause why you should not do so."

The appellant appeared and demurred to the alternative writ of mandate, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled, and the appellant excepted to

this decision. The appellant then made a return and answer to the alternative writ of mandate, in two paragraphs, in substance as follows:

1. A general denial of each and every allegation in said writ of mandate;

2. The appellant, as a cause for not approving the relator's bond in said writ named, said:

*First.* That said board of commissioners had not been convened as such board, for the purpose of approving said bond;

*Second.* That there was no vacancy in the office of sheriff of Boone county;

*Third.* That the relator was not the sheriff of said Boone county;

*Fourth.* That the relator was not, on the 10th day of October, 1876, elected sheriff of said Boone county; and,

*Fifth.* That Edward Reynolds, another and different person from the appellee's relator, was, on the 10th day of October, 1876, duly and legally elected sheriff of Boone county, and was, by the board of canvassers of that election in said county, duly and legally declared elected sheriff of said Boone county, all of which fully appeared from the tabular statement and declaration of said board of canvassers, a copy of which statement and declaration was filed with, and made part of, said return and answer; that such statement and declaration was duly filed in the clerk's office of the Boone Circuit Court; that the clerk of said court acted as, and was, the clerk of said board of canvassers; that no other or different statement or declaration of the election of sheriff of Boone county than the one mentioned was ever made or filed; that when the said statement and declaration was so filed in the clerk's office, the clerk of said court issued to said Reynolds a certificate of his election to the office of sheriff of Boone county, a copy of which certificate was filed with, and made part of, said return or answer; that, at the time of said election, the said Edward Reynolds

was, and had been ever since, legally performing the duties and exercising the powers of sheriff of Boone county; that the relator of the appellee had not been elected nor appointed sheriff of Boone county; that the Governor of Indiana had not issued a commission to appellee's relator, upon or by reason of any declaration of the election or appointment of said relator to the office of sheriff of said Boone county, but that said commission was issued upon private communication and false and fraudulent affidavits; that, on the 16th day of February, 1877, the appellee's relator did procure the Governor to issue a commission to him, said relator, as sheriff of Boone county, by false and fraudulent representations, and by causing to be produced and filed with the Secretary of the State of Indiana, and by delivering to said Governor, false and fraudulent affidavits, varying the declaration of said board of canvassers and the certificate of the clerk of the Boone Circuit Court; and that the board of commissioners of said Boone county had fully considered the said relator's bond, and made their ruling and finding upon said bond, and had as fully adjudicated upon said bond, as, in their judgment, they might, could, should or ought to have done, from the evidence before them; and that, upon considering said bond and the matters and facts connected therewith, the said board found from the facts, that they could not approve said bond, which finding was then and since the judgment of said board.

The appellee's relator demurred to the second paragraph of the appellant's return or answer to the alternative writ of mandate, for the alleged insufficiency of the facts therein stated to constitute a good defence, which demurrer was sustained, and to this decision the appellant excepted.

The issues joined were tried by the court, and a finding made for the appellee's relator, and a judgment was ren-

dered, awarding a peremptory writ of mandate against the appellant.

On written causes filed, the appellant moved the court for a new trial, which motion was overruled, and the appellant excepted to this decision, and, from the judgment there rendered, appealed to this court.

The appellant has assigned, in this court, the following decisions of the court below, as errors:

1. In overruling the appellant's motion for a new trial;

2. In overruling the appellant's demurrer to the alternative writ of mandate; and,

3. In sustaining the demurrer of the appellee's relator to the second paragraph of the appellant's return or answer to the alternative writ of mandate.

The first question for our consideration arises properly under the second alleged error, and that question is this: Were the facts, stated and recited in the alternative writ of mandate in this case, sufficient to constitute a cause of action? Under the provisions of the practice act of this State, in relation to writs of mandate, the alternative writ of mandate, when issued, constitutes the plaintiff's cause of action, or complaint; and the defendant named in such writ may demur or plead thereto, as he would to an ordinary complaint. The defendant's return to the alternative writ constitutes his answer in the action; and, in this return, he may deny generally the allegations of fact in the writ, or he may set up such matters of defence as he may rely upon, and both kinds of defence, negative and affirmative, may be stated in separate paragraphs in his return, as in an answer in an ordinary action. Upon the affirmative paragraphs of his return, issues of law and of fact may be joined, as in other civil actions. 2 R. S. 1876, p. 295, sec. 738, *et seq.; The Board of Comm'rs of Clarke Co.* v. *The State, ex rel. Lewis, ante,* p. 75; Moses on Mandamus, p. 202; and High's Extraordinary Legal Remedies, sections 449 and 530.

By section 1 of "An act to authorize the board of

county commissioners to take and approve the official bonds of sheriffs, coroners, county recorders, clerks of the circuit court," approved December 18th, 1851, it is provided, that the board of commissioners of the proper county, "or a majority of the members thereof, shall, whenever an official bond is required to be approved, meet at the office of the auditor of the county, either in term time or in vacation without any precept having been issued for that purpose, and approve the securities thereto if sufficient, which such approval shall be endorsed on said bond and signed by said county commissioners or a majority of them." 1 R. S. 1876, p. 193.

By the first section of an act providing for the election of county sheriffs, and prescribing some of their duties, approved June 7th, 1852, it is provided, that the sheriff of each county "shall give bond in the penal sum of five thousand dollars." 2 R. S. 1876, p. 18.

By section 9 of "An act touching official bonds and oaths," approved June 9th, 1852, it is provided, that, "If any officer of whom an official bond is required, shall fail, within ten days after the commencement of his term of office and receipt of his commission or certificate to give bond in manner prescribed by law, the office shall be vacant." 1 R. S. 1876, p. 190.

Construing these statutory provisions together, it will be seen that it was the duty of the board of commissioners of Boone county, or a majority of the members thereof, if the official bond of the appellee's relator, Nathaniel C. Titus, as sheriff of Boone county, was required to be approved, to meet at the auditor's office of said county, without precept, within ten days after the commencement of his term of office and the receipt of his commission, and to approve the securities thereto, if sufficient, in the manner prescribed by the statute. If, therefore, the alternative writ of mandate in this case stated facts sufficient to show that the relator had been duly and le-

gally elected, as alleged, to the office of sheriff of Boone county, that his official bond as such sheriff was required to be approved, and that the appellant, or a majority of its members, had failed or refused to approve said bond, in the mode prescribed by law, then the appellant's demurrer to said writ was properly overruled.

It seems to us, from our examination of the facts alleged in the alternative writ of mandate issued in this case, that it was sufficient to withstand the appellant's demurrer thereto. Possibly some of its averments might have been made more specific, on a motion or motions for that purpose; but we think it was sufficient, in its statement of facts, to constitute a *prima facie* case in favor of the appellee's relator, and that was all that was necessary upon a demurrer for the want of facts.

In the case of *The People* v. *Hatch*, 33 Ill. 9, on p. 143, it was said by BREESE, J., in delivering the opinion of the court: "The alternative writ stands in the place of a declaration—it is the declaration of the relator, and as in an ordinary case commenced by declaration, the plaintiff is bound to state a case *prima facie* good, so is a relator in this proceeding." High's Extraordinary Legal Remedies, sec. 449, and notes.

In our opinion, therefore, no error was committed by the court below, in overruling the appellant's demurrer to the alternative writ of mandate issued in this case.

The third alleged error calls in question the correctness of the decision of the court below, in sustaining the demurrer of the appellee's relator to the second paragraph of the appellant's return or answer to the alternative writ of mandate in this case. It seems very clear to us, that this decision can not be sustained on any legal grounds.

If the facts alleged in the second paragraph of the return or answer are true, and as they were well pleaded the relator's demurrer thereto concedes their truth, it is clear, we think, not only that the relator was not, but that Edward Reynolds was, entitled to the office of sheriff

of Boone county, when this proceeding was commenced in the court below.

If the relator of the appellee was not such sheriff, it is very certain that the appellant could not, under the law, be required to approve of his official bond as such sheriff We have no brief of this cause from the appellee's relator, in this court, and therefore our only information in regard to the grounds of this decision, is derived from the brief of the appellant's counsel. They say: " The lower court held, however, that the respondents could not go behind the commission of the relator, and show that the relator was not vested with the title, and that the commission was improperly issued, and therefore a nullity."

This decision was clearly erroneous. The Governor's commission was conclusive evidence only of its own existence; it was merely *prima facie* evidence, at most, of the facts recited in it. High's Extraordinary Legal Remedies, sec. 61, and cases cited; *Gulick* v. *New*, 14 Ind. 93; *Beal* v. *Ray*, 17 Ind. 554; *The State, ex rel., etc.*, v. *Jones*, 19 Ind. 356; and *Reynolds* v. *The State, ex rel. Titus, post*, p. 392.

In our opinion, the court clearly erred in sustaining the relator's demurrer to the second paragraph of the appellant's return or answer to the alternative writ of mandate issued in this cause.

The conclusion we have reached in regard to the third error assigned renders it wholly unnecessary for us to consider the questions presented by the first alleged error, namely, the overruling of the appellant's motion for a new trial, as these questions may not arise on another trial of this cause. Indeed, those questions are not fairly presented by the record.

The judgment is reversed, at the cost of the appellee's relator, and the cause is remanded with instructions to overrule the relator's demurrer to the second paragraph of the appellant's return or answer, and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.