JOHNSON ET AL., SCHOOL TRUSTEES, *v.* SMITH, SCHOOL TRUSTEE.

MANDATE.— *Complaint.— Demurrer.— Practice.*—The alternative writ of mandate embodying the affidavit upon which it is issued, and not the affidavit itself, is, in legal effect, the petitioner's complaint ; and a demurrer by the defendant should attack the writ and not simply the affidavit.

SAME.—*Common Schools.—Cities, Towns and Townships.—School Corporation.*—By the law of this State on the subject of common schools, each civil township, and each incorporated town and city, are distinct school corporations, entitled to receive and expend their proper school funds independent of any control by any other such corporation.

SAME.—*Town Incorporated within Township.—Custody of School Funds.*—A distinct portion of a certain township of this State having become an incorporated town, and elected school trustees, under the laws of this State,

the trustee of such township, after the election but before such school trustees had qualified, demanded and received of the county treasurer the school funds of the whole township, whereupon such school trustees, after qualifying, demanded of him the payment to their treasurer of the pro- portion of such school funds belonging to such town, which he refused ; whereupon they filed an affidavit, reciting the foregoing facts, to compel him, by mandate, to pay over such moneys.

*Held*, on demurrer, that they were entitled to recover.

From the Knox Circuit Court.

*G. G. Reily, W. C. Johnson* and *W. C. Niblack*, for appellants:

*H. S. Cauthorn* and *J. M. Boyle*, for appellee.

HOWK, C. J.—In this action, the appellants, as plaintiffs, applied to the court below, upon their complaint duly verified, for a writ of mandate against the appellee, as defendant. An alternative writ of mandate was issued, as prayed for in the complaint.

The appellee appeared, and demurred to the appellants' complaint. This demurrer was sustained by the court, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. To this decision the appellants excepted, and judgment was rendered on said demurrer, in favor of the appellee and against the appellants, for the costs of suit.

In this court, the appellants have assigned, as error, the decision of the circuit court, in sustaining the appellee's demurrer to their verified complaint. The question for our decision, therefore, is this: Does the appellants' complaint, in this case, state facts sufficient to constitute a cause of action ?

Omitting merely formal matters, we set out this verified complaint, in substance, as follows :

William R. Johnson, William H. C. Lingo and John J. Laswell, school trustees of the town of Monroe City, Knox county, Indiana, " the plaintiffs in the above entitled ac-

tion, respectfully show to the court, that heretofore, on the 7th day of June, 1878, they were duly and legally elected school trustees of the town of Monroe City, of Knox county, Indiana, a town incorporated under the laws of the State of Indiana; and that, on the 14th day of June, 1878, they qualified as such officers, by executing their several bonds to the approval of the auditor of Knox county, with freehold sureties; and that, on said 10th day of June, 1878, the plaintiff, William R. Johnson, was, by the said board of school trustees, duly and legally elected treasurer of said board of school trustees; and he thereafter, on the 13th day of June, 1878, executed his penal bond to the State of Indiana, in the sum of twelve hundred dollars, with two freehold sureties, neither of whom was a member of said board, which said bond was approved by the auditor of said county. They further show, that, prior to their said election and qualification as aforesaid, said Monroe City had been an incorporated town, under the laws of Indiana, for more than one year past, but that no school trustees had ever been elected or chosen, nor had any such trustees ever assumed to act as such, but, on the contrary, the free schools, and school revenues for free school purposes, had, during all that time, been managed and controlled by the defendant, as school trustee of said Harrison township, in said county. The plaintiffs further say, that the defendant is now, and has been for more than one year last past continuously, acting school trustee of said Harrison township, and that said Monroe City is situated in said township. Plaintiffs further show, that heretofore, on the second Monday of June, 1878, the auditor of Knox county, Indiana, made an apportionment of the school revenues of said county, and set apart and apportioned to said Harrison township, as the portion belonging to the inhabitants thereof, the sum of seventeen hundred and sixteen dollars and ninety-two cents ($1716.92), on account of school

revenue for tuition, and the further sum of twelve hundred and eighty-five dollars and seventy-nine cents, on account of special school revenue; that, by the enumeration made by said defendant and reported to the school examiner of said county, and by him reported to the auditor of said county, for the year 1878, in pursuance of the school laws of Indiana, there were on said second Monday of June, 1878, and had been for more than one year last past, eleven hundred and four children, between the ages of six and twenty-one years of age, residing in said township, who were entitled to the benefits of said school. revenues for tuition, and there were, at the days aforesaid, two hundred and six children, between the ages of six and twenty-one years, residing in Monroe City aforesaid and attached to the schools thereof, making the share of said Monroe City the sum of $319.35 of said school revenue for tuition. And the plaintiffs further say, that the whole amount of taxable property in said Harrison township, on the 1st day of January, 1877, was of the value of $848,-960, as returned by the assessor of said township, and audited by the auditor of said county, and the value of the taxable property of said Monroe City, as owned by the inhabitants thereof and the inhabitants of said school district, subject to taxation on said last named day, was the sum of $118,530, and the whole number of polls in said school district was seventy-five. They further show, that the board of commissioners of said Knox county, at their September term, 1877, by and with the advice and consent of said trustee aforesaid, fixed the rate of taxation for special school purposes, at two dollars on each one thousand dollars' worth of property in said township, and fifty cents on each poll therein; that, by reason of the premises, there was due to said Monroe City, as its share of the special school revenue aforesaid, the sum of one hundred and eight dollars and eleven cents, which said

several sums of money had been duly and legally placed on the tax-duplicate by the auditor of said county, and said moneys had been collected by the treasurer before the second Monday in June, 1878, and were then in his hands. The plaintiffs further say, that on said second Monday in June, 1878, the defendant wrongfully procured the auditor of said county to issue to him a warrant on the treasurer of said county for said several sums of money so belonging to Monroe City, as aforesaid, and which should have been paid to said plaintiff Johnson, and thereafter, before the commencement of this suit, he, said defendant, presented the same to said treasurer of said county, and procured the payment of said moneys to him, said defendant.

Plaintiffs further say, that there were no moneys in their hands with which to pay teachers, and pay other expenses connected with said schools, nor is there any source from which they could procure the same, and that they demanded from said defendant said sums of money, before the commencement of this suit, and he refused to pay them any part thereof, and still holds and retains the same.

" Plaintiffs further say, that the inhabitants of said Monroe City, pursuant to a notice duly given by the directors of the schools thereof, elected teachers to teach their free schools, on the 2d day of November, 1878, and that said directors and these plaintiffs requested and demanded that the defendant should employ said teachers to teach said schools during the coming winter term, and they say that said teachers were duly qualified and commissioned to teach the same when they were so elected, and continued so to be to the present time; and they say, that said defendant refused to employ said teachers, or any other teachers to teach said schools, but, on the contrary thereof, declares, that he will not employ any teacher to teach any

school in said Monroe City or said school district, the coming winter.

" The plaintiffs further say, there is in said town a public school-house, which has heretofore been and can still be used to teach said schools in, and that there is no reason why they should be deprived of the benefits of a school; that the school children, hereinbefore named, are still there needing and desiring school privileges, and they now bring this suit, seeking nothing but their just rights.

" They, therefore, pray the court to issue to the defendant a mandate to require him to pay to them said school moneys, or to employ said teachers to teach their schools, if the court should find, that, for any cause, they are not entitled to said money ; and they will ever pray."

The foregoing complaint was duly verified by the appellants, and thereupon, as we have seen, an alternative writ of mandate was issued, as prayed for, to the appellee. Under the provisions of the practice act, in relation to mandate, as construed by this court, the alternative mandate became, in legal effect, the appellants' complaint in this suit.  2 R. S. 1876, p. 297, sec. 742, *et seq.*  *The Board, etc., of Clarke Co.* v. *Lewis,* 61 Ind. 75;  *The Board, etc., of Boone Co.* v. *The State, ex rel. Titus,* 61 Ind. 379 ; and Moses on Mandamus, p. 206.  Strictly speaking, therefore, the appellee should have demurred, in this case, to the alternative mandate, instead of to the verified complaint on which the writ issued.   But, as the writ must recite the affidavit, or verified complaint, upon which it is issued, the demurrer to the affidavit or complaint, instead of to the writ, will be regarded in this case as a mere informality.

We proceed to the consideration of the sufficiency of the appellants' cause of action.

In the 8th article of the constitution of this State, it was made the duty of the General Assembly " to provide by law for a general and uniform system of common schools,

Johnson *et al.*, School Trustees, *v.* Smith, School Trustee.

wherein tuition shall be without charge, and equally open to all." It was further provided, that "The principal of the common school fund shall remain a perpetual fund, which may be increased, but shall never be diminished; and the income thereof shall be inviolably appropriated to the support of common schools, and to no other purpose whatever;" and further, that the General Assembly " shall make provision by law for the distribution, among the several counties, of the interest" of the common-school fund. These were some of the provisions of the fundamental law adopted by the people of this State in 1851.

Since the adoption of the constitution of 1851, the General Assemblies, which have from time to time been elected, have not been unmindful of the provisions of the 8th article thereof.

The law of this State in relation to our "system of common schools," in force when this suit was commenced and finally disposed of in the circuit court, was "An act to provide for a general system of common schools," approved March 6th, 1865, and the several acts since passed, amendatory of, or supplemental to, the provisions of said act. The theory of these statutory provisions is, that each and every child of the proper age, without regard to race or color, within the limits of this State, is entitled of right, and without charge for tuition, to the benefits of such an education as may be obtained in and by our common schools. To this end the entire State is divided into three classes of distinct municipal corporations for school purposes, to wit, "Each civil township and each incorporated town or city in the several counties of the State." 1 R. S. 1876, p. 780, sec. 4.

Within the territorial limits of each of these school corporations, each corporation has or ought to have, under the law, exclusive management and control of its school revenue, from whatsoever source derived, and the application

and disbursement of such revenue to the purposes for which it was intended. In its details, the law provides, that, in each one of these school corporations, there shall be made, between the 1st of March and the 1st of May in each year, "an enumeration of the children, white and colored, * * between the ages of six and twenty-one years, exclusive of married persons." 1 R. S. 1876, p. 784, sec. 14.

The enumeration of children, thus annually made, forms the basis for the semi-annual distributions of the school revenues for tuition to the several school corporations throughout the State, and the amount of such revenues, thus distributed to each of such corporations; is made to depend upon the number of children between the ages of six and twenty-one years, except married persons, residing within the corporation, or transferred thereto for educational purposes.

In the case at bar, the appellants showed by the facts stated in their complaint, and admitted to be true by the appellee's demurrer thereto, that, prior to the distribution of the school revenues for tuition, made by the auditor of Knox county on the second Monday of June, 1878, to wit, June 10th, 1878, to the several school corporations within said county, the incorporated town of Monroe City was, under the law, a distinct municipal corporation for school purposes. This town of Monroe City lies within the territorial limits of Harrison township, in said county, which township was also, under the law, a distinct municipal corporation for school purposes. Monroe City had been an incorporated town, under the laws of this State, for more than one year prior to June 10th, 1878, and of course, during all that time, it had been, under and by virtue of the provisions of section 4, before cited, of the act providing for a general system of common schools, a distinct municipal corporation for school purposes. It appears, however, from the averments of the complaint, that no school trustees were

elected for the school corporation of Monroe City, until the appellants were elected as such school trustees, on the 7th day of June, 1878. They qualified as such school trustees on the 14th day of June, 1878, by executing their several bonds, to the approval of the auditor of Knox county; and they elected the appellant William R. Johnson, as their treasurer who qualified as such treasurer, by giving bond, with sureties, as required by the statute. Before the appellants were qualified and organized as the school trustees of the school town of Monroe City, but after they were elected as such, to wit, on the 10th day of June, 1878, the appellee, as the school trustee of the school township of Harrison, within the territorial limits of which township the school town of Monroe City was situate, received from the auditor of Knox county a warrant on the county treasurer for the several sums of money, stated in the complaint, belonging to the school corporation of Monroe City, under the distribution on that day made, which warrant the appellee had presented to the treasurer, and had procured the payment to himself of the said sums of money, before the commencement of this suit. It was alleged, that, on demand made, the appellee refused to pay the appellants the said sums of money, or any part thereof.

We are clearly of the opinion, that the court erred in sustaining the appellee's demurrer to the appellants' verified complaint. Whatever sums of money the appellee had received, by reason or on account of the school children, residing within the territorial limits of the school town of Monroe City, or transferred thereto for school purposes, the appellants, as soon as they had qualified and organized, as by law required, as the trustees of said school town, had the right to demand and receive from the appellee, and he could not lawfully withhold it upon any ground. He held and had received the money in trust for the tuition of those children, and the appellants alone, as the trus-

tees of the school town, had the right under the law to apply and disburse the money to and for the purpose for which it was intended.

.After the appellants were elected and qualified as the school trustees of the school town, it seems to us that the appellee had but one duty to perform in connection with the money, and that was to pay it over to the appellants, who alone were its lawful custodians and charged by law with its application and disbursement.

The amount received by the appellee, which actually belonged to the school town of Monroe City, could be easily arrived at, by a short calculation; and it was the duty of the appellee to ascertain this amount, and pay it over to the appellants, as such school trustees, upon their reasonable request.   Having failed and refused to pay over the money when he was thereunto requested by the appellants, we think that they may well maintain this action, upon the facts stated, if sustained by sufficient evidence, to compel him by mandate to the discharge of his duty.   The demurrer to the complaint ought to have been overruled.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.