Filed March 9, 1887.

---

No. 11,611.

TOWLE, TRUSTEE, *v.* BROWN, AUDITOR, ET AL.

TOWNSHIP.—*Creation of New Township.*—*Division of Funds.*—Where a new township is created by a division of the territory of an existing township, the former is entitled to an equitable division of the funds belonging, or to be apportioned, to the township as originally constituted; and if there are no debts to be provided for, the new township should receive its proportionate share of the civil township fund, based on the amount of taxable property located within its territory, and the number of taxpayers therein, upon whom a poll tax has been assessed, and the special school revenue and tuition fund should be apportioned upon the basis of the enumeration of school children residing in the territory constituting such new township.

From the Lake Circuit Court.

*J. B. Peterson,* for appellant.

*J. W. Youche,* for appellees.

NIBLACK, J.—This was a suit by Marcus M. Towle, as trustee of North township, in the county of Lake, in this State, against John Brown, as auditor, and William Krimbill, as treasurer, of the same county, to restrain Brown from issuing his warrant in favor of Frederick Shoenaman, as trus-

tee of Calumet township, of said county, and Krimbill from. paying over to him an aggregate sum of money, alleged to be in the county treasury and to belong to the said township of North.

A temporary restraining order was granted, but at the final hearing that order was dissolved, and final judgment was awarded against the plaintiff.

There was no controversy as to the facts upon which the plaintiff's claim to the money in dispute rested.

It was shown at the hearing, that, after his June settlement with the board of commissioners, that is to say, on the 13th day of June, 1883, there remained in the hands of Krimbill, as county treasurer, the gross sum of $12,012.43 which would have been conceded as belonging to North township if no question had arisen concerning the same on account of a then recent division of such township; that on that day Brown, as auditor, drew a warrant on Krimbill, as treasurer, in favor of Towle, as trustee of his township, for the sum of $6,322.64, and, upon demand, refused to issue such a warrant for a larger sum; that the amount so drawn for by said warrant was paid by Krimbill; that for the remainder of said gross sum of $12,012.43, Brown told Towle at the time he intended to draw a warrant upon Krimbill, in favor of Shoenaman, as trustee of the township of Calumet, as stated.

It was further shown that, at the March term, 1883, of the board of commissioners of the county, North township was divided, and that, out of the territory struck off by a division line, with small parts taken from two other townships added, a new township was formed under the name of Calumet township; that Shoenaman had become trustee of such new township; that, on the second Monday in June, 1883 (which was after Krimbill had made his annual settlement with the county commissioners in June of that year), Brown, in his capacity as auditor, proceeded to apportion to the several townships of the county the gross amount of the civil township funds due each according to the law, as he construed.

it, governing such apportionment; that of the several civil township funds realized from taxes assessed in June, 1882, in the name, and under the authority of, North township, he apportioned to Calumet township a proportion based upon the amount of taxable property located in the territory taken from North township, and the number of taxpayers residing upon such territory upon whom a poll tax was assessed; that Brown at the same time apportioned to Calumet township a proportion of the special school revenue and of the tuition fund for common school purposes to which North township would, without question, have been entitled if there had been no division of such township; that such apportionment of school funds was made upon the basis of the enumeration of school children residing upon the territory of Calumet township which had been cut off from North township; that the sum for which Brown drew his warrant in favor of Towle upon Krimbill constituted the gross amount remaining to North township after deducting from the sum of $12,012.43, herein above named, the several amounts apportioned as above to Calumet township; that North township had not, by the contracting of debts or otherwise, anticipated the expenditure of any of the money so apportioned to Calumet township.

The contention on the part of Towle, the plaintiff below and the appellant here, is, that, in the absence of any statutory provision on the subject, North township was not deprived of any of its property rights by the organization of a new township out of a part of its territory, and that, consequently, it was entitled to the exclusive use and control of all the revenues derived from taxes assessed in its name, and under its authority, before such new township was organized.

In the absence of express legislation, or some constitutional provision on the subject, the general rule is, that on the division of a township, or other municipal corporation, into two separate townships, or corporations, each is entitled to hold in severalty the public property which falls within

its territorial limits. 1 Dillon Munic. Corp., section 188 (3d ed.); *North Hempstead* v. *Hempstead,* 2 Wend. 109; *School Tp. of Allen* v. *School Town of Macy,* 109 Ind. 559.

But as to money, choses in action, or other kindred property, in existence at the time of the division, the rule is not so well defined. In the absence of an express provision as to that class of property, the respective claims of the two corporations become a matter of equity jurisdiction, and must be adjusted upon equitable principles. 1 Dillon, *supra,* sections 173, 186, 189; *Zartman* v. *State, ex rel.,* 109 Ind. 360; *Mount Pleasant* v. *Beckwith,* 100 U. S. 514.

In the case of *Johnson* v. *Smith,* 64 Ind. 275, it was held that, as applicable to the different classes of common school funds, equitable principles required that a newly incorporated town, formed within the boundaries of a school township, should be entitled to receive a proportionate share of such funds based upon the enumeration of school children residing within the respective limits of the two corporations, and the doctrine of that case has become an accepted rule of decision in this court. Applying the equitable principles thus recognized to the unexpended funds of a civil township, and to cases in which there are no debts to be provided for, as in this case, the obvious conclusion is that Calumet township was, when it became fully organized, entitled to receive a proportionate share of the various funds standing to the credit of North township, upon the basis adopted by Brown in making an apportionment of such funds between the two townships, and that, in consequence, the circuit court did not err in refusing to restrain the payment of the several amounts of such funds, so apportioned to Calumet township, to Shoenaman as its trustee.

The judgment is affirmed, with costs.

Filed March 8, 1887.