## Board of Education of School District No. 2, George H. Park, L. H. O'Conor, J. J. Walser, Miles B. Crafts and Clayton E. Crafts v. The Board of Education of School District No. 1, and Geo. A. Philbrick, Township Treasurer.

1. TAXES—*Erroneously Collected—Who May Recover.*—When, by a mistake of the county clerk in extending the school tax of one district upon real estate lying in another district, the same having been collected, a bill does not lie by the latter district to recover from the former the

amount of the tax so erroneously collected.   The district is not the representative of the tax payers for the purpose of adjusting their equities.

2.  EQUITY PRACTICE—*One Suit for Many Persons* (WATERMAN, J., dissenting).—When a large number of parties are interested in the same equitable relief, one suit may be maintained for all.

**Memorandum.**—In equity.   Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON. Judge, presiding.   Submitted at the October term, 1894.   Affirmed.   Opinion filed January 10, 1895.

CRAFTS & STEVENS, attorneys for appellants.

HENRY R. PEBBLES, attorney for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants, who, beside the board of education, are tax payers within the school district, filed this bill to recover from the appellee board, money which had been paid to it by reason of an alleged mistake made by the county clerk, in extending the school tax for district No. 1, upon real property lying in district No. 2.

The boundaries of the two districts are not set out in the bill, so that the court may determine in which district the lands lie; but the appellants content themselves with the averments that the lands are within, and have heretofore been taxed as part of district No. 2.   It is not necessary to determine whether that is good pleading.

District No. 2 raised all the money it called for; district No. 1, no more than it called for.   The tax payers of district No. 2, exclusive of those who paid for the described lands, paid a higher rate than would have been required of them, and those of district No. 1 less, in consequence of the mistake.   What equity is there in requiring district No. 1 to make good to the tax payers of district No. 2 the consequences of the mistake of the county clerk, when district No. 1 has gained nothing by it?   If there be any equity it is wholly in favor of the tax payers whose burdens have been made heavier against those who were thereby relieved.

The board of neither school district is the representative

of tax payers to adjust their equities. Whether a bill by all the tax payers of district No. 2 against all those of No. 1 would lie, or whether the mistake is irremediable, are questions not before us. The demurrers were rightly sustained and the decree dismissing the bill is affirmed.

MR. PRESIDING JUSTICE WATERMAN, DISSENTING.

Briefly stated, the allegations of the bill, in substance, are, that by a mistake of the county clerk of Cook county a tax levied for the benefit of school district No. 1 and intended to be upon only the taxable property of said district, was collected from the taxable property of the complainants situated in district No. 2, and that thereby district No. 1 unjustly received, and has the sum of $2,195, wrung by such mistake and means from the complaining tax payers, to which sum said district No. 1 has no right.

It does appear that the tax, the money thus received by district No. 1 should have been received by district No. 2 and that the taxable property in district No. 1 should have been taxed for $2,195 in excess of what it did pay; but this constitutes no reason for a denial of relief to complainants, or for permitting district No. 1 to retain that to which it has no right.

District No. 1 has, through forms of law, by mistake, received the money of complainants to which it has no equitable right. Upon what equitable ground can the defendant resist the claim made upon it?

The principal complainants are a large number of tax payers, having the same right against the same party, depending upon the same evidence; and upon familiar principles, one suit in equity is allowed to be maintained for all. Story's Equity Pleadings, Sec. 112; Daniell's Ch. Pr., Vol. 1, page 190; Durborrow v. Nehoff, 37 Ill. App. 407.

As the bill alleges that the money so by mistake obtained from the complaining tax payers belongs to district No. 2, I see no objection to the joining in this suit in equity of that district as a complainant, although I do not deem it necessary. At law each person paying, would have

brought his action for the amount by him paid; in equity the one action is for all who have paid, and it hardly lies in the mouth of the defendant to complain of the manner the complainants ask to have their money disposed of.

The demurrer to the bill is general. It is not necessary to make all the tax payers of district No. 1 defendants; neither as tax payers nor as individuals have they received anything belonging to the tax paying complainants, while district No. 1 has.

It is to be hoped that the allegations of the bill filed in this cause are not true. That a municipality called into being and existing only as a part of our educational system should present to the school children of this State the object lesson of refusing to pay $2,195, obtained by mistake, and to which it has no moral right, can not be useful.