## HOBART TOWNSHIP OF LAKE COUNTY v. TOWN OF MILLER.

[No. 8,042. Filed October 9, 1913.]

1. TAXATION.—*Recovery of Taxes.—Action Against Township by Newly-Incorporated Town.—Complaint.—Equity.*—In an action by a newly-incorporated town against the township to recover taxes collected by the latter on taxable property and polls within such town for the year in which the town was organized, where the complaint shows that the town separated from the township

in a way known to the law, and that certain sums of money assessed against property within its jurisdiction had already been paid into defendant's treasury, the maxim that equity aids the vigilant and not the slothful will not be applied to defeat the action, even though such complaint discloses that one year and eight months had elapsed between the time of the incorporation of the town and the filing of the complaint, since equity can never be invoked to promote an injustice. p. 154.

2.    EQUITY.—*Laches.—Limitations.*—While courts of equity are not bound by the statute of limitations as a rule, they will, in applying the equitable doctrine of laches, look to and examine the statute of limitations and its general effect upon the parties to the action, as well as the cause of action itself. p. 155.

3.    TAXATION.—*Recovery of Taxes.—Right of Newly-Incorporated Town.*—A newly-incorporated town may, under ordinary conditions, recover from the township of which it was formerly a part the money that was paid to the township for the year in which the town was organized as taxes upon the property and polls within the territory embraced by such town. p. 156.

4.    TAXATION.—*Recovery of Taxes.—Presumption as to Distribution. —Action by Newly-Incorporated Town.*—In an action by a newly-incorporated town to recover its portion of taxes paid to the township of which it was formerly a part for the year in which such town was incorporated, a presumption that the township officers had performed their duty and had distributed the taxes according to law was overcome by a direct allegation in the complaint stating the manner of distribution and that no part was distributed to the town. p. 156.

5.    APPEAL.—*Review.—Harmless Error.*—Error which is harmless is not available to work a reversal. p. 156.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Action by the Town of Miller against Hobart Township of Lake County. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*McMahon & Conroy,* for appellant.
*Ora L. Wildermuth,* for appellee.

SHEA, J.—Appellee, the town of Miller, brought this action against appellant, Hobart Township, to recover from the latter its equitable share of money received from taxation by the township. Appellee town embraced territory that previous to its incorporation had been a part of appel-

lant township. Appellant's demurrer to the amended complaint in one paragraph was overruled. Answer in two paragraphs, the first a general denial and the second a special answer to which appellee replied in general denial. Trial by court, finding and judgment for $2418 for appellee.

It is alleged substantially that appellee is a municipal corporation under the laws of Indiana, incorporated on June 15, 1907, and appellant is a township located in Lake County, Indiana; that prior to June 15, 1907, the territory embraced within appellee town was a part of territory embraced within the limits of appellant. During the year 1906, and prior to the incorporation of the town, appellant collected from the treasurer of Lake County the sum of $5,000 as taxes against all the property within the township. Fifty dollars of this sum was expended for the use of the territory within the town. The town was at that time entitled to $2,500. The total assessed value of the property within the township in 1906 was about $2,400,000, and the total polls about 203. The value of property embraced within appellee town in 1906 was about $1,300,000, and the total polls about 150; that at that time no debts existed on account of the territory embraced in the town; that appellee is entitled to its proportionate share of said money so collected by taxation. In June and December, 1907, appellant collected from the treasurer of Lake County the sum of $5,037.47, assessed against all the property in said township, including property within the limits of appellee town; that appellee is entitled to $3,000 of said money. The total assessed value of taxable property in appellant township in 1907 was about $2,586,350, and the total polls about 176. The assessed valuation of property in appellee town was about $1,400,000, and the polls about 140; that appellee is justly and equitably entitled to be paid by appellant its just share of the money received from taxation in 1907; that the county treasurer and auditor of Lake County should have apportioned the sum of money so paid to appellant township

in June and December, 1907, according to the above propor-
tion, but they wrongfully paid the entire amount to appel-
lant township; that appellee has frequently requested appel-
lant to pay the town its equitable proportion of the money
received in 1906 and 1907, and that appellant has refused
to do so.   Prayer that the court determine what should be
an equitable division of the money so received by appellant
township, and render judgment against it, in favor of ap-
pellee for so much as may be equitably due the latter, asking
judgment for $5,000 and interest and all other equitable and
proper relief.

In an agreed statement of part of the facts, the amount of
taxes collected, and the proportion of the assessed valuation
of the property embraced within the territory of appellant
and appellee in 1906, are found to be $2,028,940 and $987,-
600 respectively, forty-eight per centum being within the
territory of appellee; that a demand was made by appellee
upon appellant for the payment of its equitable share of
the taxes in dispute, which was refused.

The errors assigned and argued in this case are that the
court erred in overruling the demurrer to appellee's amended
complaint and in overruling the motion for a new trial.
The argument in support of the first assignment practically
concedes that the complaint states a cause of action entitling
appellee to some relief.   The most serious objection
1.   urged against the complaint is that it discloses upon
its face that one year and eight months elapsed be-
tween the time of incorporation of appellee town, and the
filing of the complaint, and appellant seeks to invoke the
maxim that equity aids the vigilant and not the slothful.
We think this maxim should not be applied in all its rigor
to defeat what appears to be a wholly equitable claim as set
forth in appellee's complaint.   If, as stated in the complaint,
appellee separated itself from appellant in a way known to
the law, and had already paid into the treasury of appellant
township certain sums of money assessed against property

within its jurisdiction, it would be manifestly unjust to say that the taxpayers of appellee town should be required to lose this, because it may be its officials were slow in bringing an action to enforce whatever rights it may have had. Equity can never 'be invoked to promote an injustice. Besides, it is not shown that any substantial injury was done to appellant because of the mere lapse of time. No actual loss was sustained, mere inconvenience is urged as a sufficient reason to hold this complaint bad under the equitable maxim which is sought to be invoked. The rule that equity will never be used to promote or sustain an injustice is stronger and more potential, and especially applicable to the facts pleaded by the complaint in this case.

While the courts of equity are not bound by the statute of limitations as a rule, yet it is true that in applying the equitable doctrine, the court will look to and examine 2. the statute of limitations, and the general effect of such statute upon the parties to the action, as well as the cause of action itself. The effort upon the part of appellant to invoke the maxim that equity follows the law, seems to be unfortunate in this case, as the statute of limitations which may be said to express the law as distinguished from equity, had not run against appellee's cause of action. Besides, there had been no such delay as would warrant the court in invoking the equitable maxim sought, as no fraud was practiced by appellee in the delay. In 2 Pomeroy, Eq. Jurisp. §687, in discussing the subject of superior equities, the learned author says: "The rule extends to gross negligence, which is tantamount in its effect to fraud." In discussing the maxim "equity aids the vigilant", in 1 Pomeroy, Eq. Jurisp. §418 this language is used: "The principle thus used as a practical rule controlling and restricting the award of reliefs is designed to promote diligence on the part of suitors, to discourage laches by making it a bar to relief, and to prevent the enforcement of stale demands of all kinds, wholly independent of any statutory periods of limitation."

No question is raised as to the statutory right of the town, within the provisions of the law of the State, to separate itself from appellant corporation. It can not be seriously urged that appellee would not be entitled to recover whatever amount of money was collected by appellant township as taxes levied and assessed against the property embraced within appellee town under ordinary conditions. *Johnson* v. *Smith* (1878), 64 Ind. 275; *Towle* v. *Brown* (1887), 110 Ind. 65, 10 N. E. 636.

It is also insisted, in effect, that the taxes had been collected and disbursed in accordance with the plans and regulations of appellant township, before the commencement of this suit, and that the presumption of law is that the officers did their duty and distributed same in accordance with the provisions of the law. We think this presumption is entirely overcome by the direct allegations of the complaint as to the manner in which it was distributed, and the direct allegation that no part of it was distributed to appellee town. The complaint is sufficient to withstand a demurrer.

Under the motion for a new trial objection is made to the admission of certain evidence. We have examined the evidence admitted by the court over objection, also that offered and refused, and find no harmful error therein.

It was agreed that forty-eight per cent of the taxables of appellant were within the corporate limits of appellee. The amount of the judgment is forty-eight per cent of the amount of taxes paid upon the whole property during the year 1907. Upon the question of harmless error the rule is firmly fixed. Elliott, App. Proc. §§631-652; Ewbank's Manual §254; §700 Burns 1908, §658 R. S. 1881. It follows therefore that the verdict is not contrary to law and is sustained by sufficient evidence.

Judgment affirmed.

Ibach, J., did not participate.

Note.—Reported in 102 N. E. 847. See, also, under (2) 16 Cyc. 177; (3) 38 Cyc. 609. As to when equity will refuse relief because of laches, see 54 Am. Dec. 130; 2 Am. St. 795; 23 Am. St. 148. As to when equity follows the law respecting limitation of actions, see 12 Am. Dec. 368.