SCHOOL DISTRICT NO. 6 *v.* SCHOOL DISTRICT NO. 5.

.1. TAXATION—SCHOOLS AND SCHOOL DISTRICTS—RIGHT OF DISTRICT TO RECOVER TAXES ILLEGALLY ASSESSED IN ADJOINING· DISTRICT.
School district collecting taxes which legally should have been assessed in adjoining district is liable therefor in action at law, since it has money which in equity and good conscience belongs to other district.

2. SAME—WHOLE AMOUNT COLLECTED MAY BE RECOVERED.
Although tax assessed in wrong school district was more than it would have been if assessed in proper district, latter is entitled to recover full amount collected, because it was paid by taxpayer to discharge a tax, and, being public money, the whole amount belongs to the district which had the legal right to levy the tax.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted June 4, 1931. (Docket No. 91, Calendar No. 35,695.) Decided October 5, 1931.

Assumpsit by School District No. 6, Hamilton township, Van Buren county, against School District No. 5, Hamilton township, Van Buren county, to recover school taxes assessed in defendant district which should have been assessed in plaintiff district. Judgment for plaintiff. Defendant appeals. Affirmed.

*Earl L. Burhans* (*David Anderson,* of counsel), for plaintiff.

*Lewis R. Williams,* for defendant.

FEAD, J. Plaintiff and defendant districts are wholly within the same township. A newly-elected

supervisor, conceiving himself invested with broad equitable jurisdiction and in order to render more equal the valuations of school districts within the township, assessed for school taxes in defendant district certain bank stock which was properly assessable in plaintiff district. The tax was voluntarily paid and remitted by the township treasurer to defendant district. Plaintiff sued in assumpsit to recover the tax from defendant and had judgment of $166.80.

Because the tax was voluntarily paid, questions of the validity of the assessment and the right the taxpayer had to attack it have no bearing on the issue. The money is a public fund, legally unassailable by the taxpayer, belonging to one district or the other. Had the law been observed, plaintiff would have collected the tax. Through breach of the law, plaintiff and its taxpayers have been deprived of their just due, and defendant has money which in equity and good conscience belongs to plaintiff. Plaintiff has no remedy except to recover from defendant. The authorities sustain the right of recovery. *City of Eugene* v. *Lane County,* 50 Ore. 468 (93 Pac. 255); *Putnam County* v. *Smith County,* 129 Tenn. 394 (164 S. W. 1147); *Humboldt County* v. *Lander County,* 24 Nev. 461 (56 Pac. 228); *City of Norfolk* v. *Norfolk County,* 120 Va. 356 (91 S. E. 820); *Town of Balkan* v. *Village of Buhl,* 158 Minn. 271 (197 N. W. 266, 35 A. L. R. 470). In the latter case the court said:

"We hold, therefore, that plaintiff has a clear right to the money in question. It is clearly money which in equity and good conscience belongs to plaintiff and not to defendant. Its retention would enable defendant wrongfully to enrich itself at the expense of plaintiff—to lower the tax burden of its

inhabitants at the expense of those of Balkan. Surely, courts cannot blind themselves to the obvious equities of such a situation, and deny a right so clear as that of plaintiff in favor of a party so much in the wrong as defendant.''

In *People, ex rel. Village of Decatur,* v. *Township Board of Decatur,* 33 Mich. 335, a township assessed and collected a liquor tax properly assessable by a village. The court held the township accountable to the village.

Had the property been assessed in plaintiff district, the tax would have been $122.76 instead of $166.80. To permit defendant to retain part of the money would allow it to benefit by a wrong perpetrated for its advantage. The taxpayer paid it to discharge a tax. Being public money, the whole belongs to the municipality which had the legal right to levy the tax.

Judgment affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.