FORT WAYNE COMMUNITY SCHOOLS *v.* STATE EX REL. NEW HAVEN PUBLIC SCHOOLS.

[No. 31,167. Filed February 9, 1968.]

*Livingston, Dildine, Haynie & Yoder* and *Newkirk, Keane & Kowalczyk*, both of Fort Wayne, for appellant.

*Arthur H. Fruechtenicht* and *Robert J. Parrish*, both of Fort Wayne, for appellee.

HUNTER, J.—This is an action by the State of Indiana ex rel. New Haven Public Schools, appellee, to recover school taxes levied and collected for Fort Wayne Community Schools, appellant, on property having a taxable situs within New Haven Public Schools' boundaries, wherein Fort Wayne Community Schools filed a counter-claim to recover certain school taxes levied and collected by New Haven Public Schools.

After a trial before the court, the Allen County Circuit Court rendered judgment for appellee in the sum of One Hundred Twenty Seven Thousand Nine Hundred Seventy Seven and 84/100 Dollars ($127,977.84) and further denied recovery for appellant on its cross-complaint. From this judgment the defendant below, Fort Wayne Community Schools, appeals and New Haven Public Schools. files cross-error.

In 1954 the Civil City of Ft. Wayne annexed the *Cloverleaf* area which was under the New Haven Public Schools. The county auditor transferred this area to the Ft. Wayne tax duplicates, and then collected taxes on that area for the years 1955 through 1959. After this Court rendered an opinion in *Ft. Wayne Community Schools* v. *State ex rel. New Haven Schools* (1959), 240 Ind. 57, 159 N. E. 2d 708, which held that the property annexed remained under New Haven Schools, the auditor retransferred the area to the New Haven tax duplicates. The taxes levied and collected during 1955-59 totaled $79,344.85.

In 1956 the Civil City of Ft. Wayne annexed the *Camp Scott* area. The county auditor transferred the area from the New Haven tax duplicates to the Ft. Wayne school tax duplicates. After the above decision was rendered the auditor retransferred the area to the New Haven tax duplicates. The taxes levied and collected during 1956 through 1959 by Ft. Wayne school city were $48,632.99. Thereafter for the years 1960 through 1962 New Haven schools collected $73,901.97.

In 1959 the City of Ft. Wayne annexed the *Catholic Ceme-*

*tery* area. The auditor has refused to transfer this area from New Haven duplicates to the Ft. Wayne duplicates. For the years 1960 through 1962 New Haven schools has levied and assessed taxes totaling $13,066.93.

In 1960 the City of Ft. Wayne annexed the *Village Woods* area. The auditor has not transferred this area to the Ft. Wayne school tax duplicates. New Haven Schools received funds from taxes levied against property in said area totaling $530,946.47 for the years 1960 through 1962.

New Haven Public Schools contend that it is entitled to: (1) the taxes levied on the *Cloverleaf* area for the years 1955-59 inclusive; (2) the taxes levied on the *Camp Scott* area for the years 1956-59 inclusive (these amounts totaled $127,977.84 and were levied for the Ft. Wayne School City) ; and, (3) that it should retain those taxes levied on the *Catholic Cemetery* and *Village Woods* areas for the years 1960-62 inclusive.

Ft. Wayne schools by way of answer and counter-claim (denominated a cross-complaint) contend that it is entitled to: (1) the taxes levied and collected on the *Camp Scott* area for the years 1960-62 inclusive; (2) the taxes levied and collected on the *Catholic Cemetery* area for the years 1960-62 inclusive; (3) the taxes levied and collected on the *Village Woods* area for the years 1960-62 inclusive (all of which were levied for New Haven Schools) ; and, (4) to retain those taxes levied on the *Cloverleaf* area for the years 1955-59 inclusive and on the *Camp Scott* area for the years 1956-59 inclusive.

Appellant assigns only one error: the overruling of its motion for new trial. Appellant states that the error is demonstrated by its specifications 38, 39, 40 and 41 which are as follows:

    38. The finding of the court is not sustained by sufficient evidence.

    39. The decision of the court is not sustained by sufficient evidence.

40. The finding of the court is contrary to law.

41. The decision of the court is contrary to law.

Appellee first contends that the above specifications of error, when addressed to the special findings, do not meet the requirements of Supreme Court Rule 2-6 requiring the motion for new trial to separately specify each error relied on and that the above specifications raise no question in regard to the conclusions of law. Appellee had previously filed a motion to dismiss the appeal on the same grounds and such motion was overruled. Since that motion was overruled and since appellee requested an extension of time to file his answer brief, the appellee is now barred from seeking a disposition of this appeal other than on the merits. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *City of Fort Wayne* v. *Maplewood Park Utilities* (1966), 213 N. E. 2d 337. Furthermore, specification 41 sufficiently raises the question whether the decision was contrary to the principles of law applicable to this particular case. *Clark* v. *Corbly* (1953), 123 Ind. App. 438, 110 N. E. 2d 309. In essence it must be determined what principles of law govern the respective rights of Ft. Wayne Community Schools and New Haven Public Schools to the school taxes levied and collected in the four areas annexed by the Civil City of Ft. Wayne.

The statutes of Indiana, Ind. Anno. Stat. §§ 64-1901 *et seq.* and 64-2001 *et seq.* (1961 Repl.), required at that time that a school corporation file annually with the county auditor an accurate budget, estimating the amount required for maintaining the school corporation for the ensuing year, and that taxes then be levied upon the property within the boundaries of the school corporation to raise the amount of the budget. A school corporation was not authorized to collect more than it needed for any one year. Appellee states in its brief that there is no proof that it, New Haven Public Schools, failed to receive the full amount to which it was entitled, nor is there

a claim that appellant, Ft. Wayne Public Schools, received more than it was entitled to receive. Apparently, both received the exact amounts to which they were legally entitled and which they sought in order to maintain their respective schools for the years in question and which were approved by State Board of Tax Commissioners.

The courts of Indiana have not heretofore been presented with the issue involved in this case, although a number of other state courts have faced similar problems. It is our opinion that the better rule is that when one school corporation levies and collects, by mistake, taxes on land lying in another school corporation's boundaries, the latter, if it can recover from the former at all, cannot recover more than the amount it would have received had there been no mistake. Since, in Indiana, no right exists to receive more than the amount budgeted, it is only reasonable that a greater amount cannot be recovered by indirection.

In *Fall River Joint Union High School Dist.* v. *Shasta Union High School Dist.* (1930), 104 Cal. App. 444, 285 P. 1091, Fall River sued to recover $8,293.84 for taxes levied and collected for Shasta on property within Fall River's boundaries. Every high school annually filed an estimate of the amount required for maintaining the school and taxes were levied upon the property in the district to raise the amount of the estimate. The trial court overruled defendant's demurrer, and defendant refused to plead further. Judgment was entered for plaintiff and on defendant's appeal the district court of appeals reversed. The court framed the issue as follows:

"The respondent, in support of the judgment in its favor, makes the following contention: 'That there is but one question involved in this appeal, and that is whether an action for money had and received will lie to recover from a High School District moneys which it has received from taxes for High School purposes, assessed and collected upon lands wholly outside of its boundaries, and wholly within the boundaries of plaintiff district.' This, however, is not a

full or complete statement of the issues involved. The question really at issue is whether money received by one district, from lands apparently but not legally within its exterior boundaries, levied and collected for its uses and purposes, and devoted to its uses and purposes, can be recovered by a district within whose territory the lands actually lie, where no levy has been made or taxes collected for its uses and purposes, and where both districts involved obtained exactly the amount of moneys for which their budget called, and neither district obtained or had the use of money intended for the other." 285 P. at 1092.

The answer was in the negative.

In *School District No. 2* v. *School District No. 1* (1895), 57 Ill. App. 288, a bill was filed to recover money which had been paid to district No. 1 by reason of a mistake of the county clerk in extending the school tax for district No. 1 upon real property lying in district No. 2. District No. 2 raised all the money it called for and district No. 1 received no more than it called for. In holding that a demurrer was properly sustained by the trial court, the court reasoned:

"What equity is there in requiring district No. 1 to make good to the tax payers of district No. 2 the consequences of the mistake of the county clerk, when district No. 1 has gained nothing by it? If there be any equity it is wholly in favor of the tax payers whose burdens have been made heavier against those who were thereby relieved.

The board of neither school district is the representative of tax payers to adjust their equities." 57 Ill. App. at 289-90

In *Pleasant View Reorg. School District* v. *Springfield Reorg. School District* (Mo. 1961), 341 S. W. 2d 854 plaintiff sued to recover taxes on land in its district levied and collected by defendant. The Missouri statutes also required an estimate to be filed by the various school districts, and both parties received precisely what they estimated for each year. The court held that plaintiff was not entitled to recover stating that the reasoning in the *Fall River* case was basically sound and should be accepted as dispositive of the case. See also *Walser* v. *Board of Education* (1895), 160 Ill. 272, 43

N. E. 346; *Eichman* v. *Anderson* (1959), 23 Ill. App. 2d 329, 162 N. E. 2d 673.

Appellee cites the following authorities in support of his right to recover: *Center School Township* v. *State ex rel. Board* (1898), 150 Ind. 168, 49 N. E. 961; *Towle, Trustee* v. *Brown, Auditor* (1886), 110 Ind. 65, 10 N. E. 626; *Hon* v. *State ex rel. Hottel* (1883), 89 Ind. 249; *Johnson, et al. School Trustees* v. *Smith, School Trustee* (1878), 64 Ind. 275; *Hobart Township of Lake County* v. *Town of Miller* (1913), 54 Ind. App. 151, 102 N. E. 847; *Jefferson School Township of Greene County* v. *School Town of Worthington* (1892), 5 Ind. App. 586, 32 N. E. 807. In each of these cases there was a wrongful distribution of funds; a misapportionment resulting in the withholding of the funds, or payment to a party who thereby did receive more than its share of revenue. There are numerous cases which accord a school district the right to maintain an action against another school district when there has been a misapportionment of funds. However, the instant case is not one where one district is entitled to a proportionate share of the taxes paid, or where taxes were levied and collected for one district but, by mistake, paid to another district. Strict regard must be given to the facts in these cases, for there is a distinction between those in which a benefit flowed to the party sued and those in which no benefit flowed to the party sued. In the former situation there is involved a fund which in the first instance belongs to the complaining party, and in the latter, there is involved the right to revenue produced by property within its boundaries although both parties have received only their just share.

Appellee has pleaded general assumpsit in two paragraphs: one for money had and received and one in general terms of unjust enrichment. There can be no recovery on the set of facts presented by the case at bar, for under the theories pleaded recovery is limited to the unjust benefit conferred on the defendant. *Center Township* v. *State ex rel. Board, supra.* The defendant school received no more

than the exact amount it was entitled to by law. Furthermore, public policy prohibits any recovery when a complaining school corporation has received its just share of the tax revenues.

Appellee contends that there is a conflict in the decisions of the various states and cities: *School Dist. No. 8, Shawnee Tp., Wyandotte County* v. *Board of Education of Kansas City* (1924), 115 Kan. 806, 224 P. 892; *School District No. 1, et al.* v. *Common School District No. 1, et al* (1936), 56 Idaho 426, 55 P. 2d 144; *Independent School District of Town of Kelley* v. *School Township of Washington* (1913), 162 Iowa 42, 143 N. W. 837; *School District No. 6* v. *School District No. 5* (1931), 255 Mich. 428, 238 N. W. 214; and *Town of Balkan* v. *Village of Buhl* (1924), 158 Minn. 271, 197 N. W. 266, in support of his position. Except for *School Dist. No. 8, supra,* each of these cases involved a misapportionment of funds causing a party to receive more than its just share of the revenue to which it was entitled. It is the differing factual situations which create seeming conflict among the decisions.

The Court in *School Dist. No. 8, Shawnee Tp., Wyandotte County* v. *Board of Education of Kansas City, supra,* granted recovery for money had and received in a fact situation similar to the present case. The court reasoned that school

". . .Districts stand toward each other very much as private proprietors, each of whom is entitled to the revenues from his own domain." 224 P. at 894.

The court further stated that the revenue produced by the property in a school district's domain was a part of the school's estate. The reasoning of the majority opinion "is very clearly answered by the dissenting opinion".

"In this instance, plaintiff and defendant are not private corporations. While they hold title to school sites and schoolhouses, etc., they do not enjoy the general property rights of natural persons. They are merely legislative agents to receive and disburse what the legislature provides for them

through administration of a taxation scheme by another set of legislative agents. While schools are supported under our system of taxes laid on property within the district, the quasi corporation has no legal right to taxes from such property, as a landowner is entitled to rent of his own land. Taxes are not a part of a school district's estate as rents are part of a landowner's estate, and we are not warranted in carrying over into the field of school taxes the legal implications from the private property relation." 224 P. at 894.

We therefore hold that on the basis of the facts before us in this cause, we have no question of landowner's property rights.

The fact that the county auditor erroneously omitted some areas from the tax duplicates of one school corporation and included them on the tax duplicates of another school corporation caused the tax rate in one school area to be higher than it should have been and caused the tax rate in the other school area to be lower than it should have been. Certain taxpayers suffered as a result of the error. But the school corporations which received the exact amount of their approved budget requests suffered not at all. No taxpayers, as such, are parties to this suit.

Under the foregoing authorities, it is our opinion that there can be no recovery for New Haven Public Schools on its complaint nor can there be a recovery for Ft. Wayne Public Schools on its cross-complaint (counter-claim). New Haven Public Schools has also filed a cross-error contending that the amount of recovery was insufficient. This question is now moot since there should have been no recovery in the first instance.

The thrust of this opinion is that: (1) under the issues formed and facts proved New Haven Public Schools is not entitled to recover and the trial court thereby erred in its conclusion of law awarding the sum of One Hundred Twenty Seven Thousand Nine Hundred Seventy Seven and 84/100 Dollars ($127,977.84); (2) that under the issues and facts proved the trial court was correct in its conclusion of law

that Ft. Wayne Community Schools is not entitled to recover on its cross-complaint (counter claim); and (3) since New Haven Public Schools was not entitled to recovery in the first instance it quite logically follows it is not entitled to interest on the judgment as requested in its assignment of cross-errors.

It appearing to this Court that the evidence in this case is exhausted and that the issues are not susceptible of change by presentation of further evidence, this cause should be reversed and remanded with instructions.

Therefore it is ordered by the Court that this cause be, and is hereby, remanded to the trial court with instructions to vacate and set aside the judgment heretofore entered on the issues formed by the complaint of the New Haven public schools and for further proceedings and entries not inconsistent with this opinion.

Judgment reversed in part.

Judgment affirmed in part.

Lewis, C.J., Arterburn, Jackson and Mote, JJ. Concur.

NOTE.—Reported in 233 N.E. 2d 636.