Whittier *v.* Sanborn.

---

---

WHITTIER *versus* SANBORN *& als.*,

The alteration by the town of the lines of a school district, whereby its school-house is left within the limits of another district, will not defeat or affect its right of property therein.

For the removal of such house, built under a license upon the land of another, the owner of the land can maintain no action of trespass, when no unnecessary damage is done to the freehold. And the district, when in actual possession, can authorize a third person to make such removal.

But a school district, unless its meeting is called and notified in conformity with the provisions of law, can, by its vote, confer no authority upon a third person to enter on the land of another and remove a school-house therefrom, although such district were the owners of the house.

On REPORT from *Nisi Prius*, RICE J., presiding.

TRESPASS, *quare clausum*.

The Court were authorized to draw such inferences as a jury might from the evidence legally admissible, and enter such judgment as the law applicable thereto might require. If the action were maintainable a default might be entered, but if the value of the school-house were not recoverable, then nominal damages only were to be assessed. If the action could not be supported, a nonsuit to be entered.

The facts found by the Court appear in the opinion.

*O. L. Currier*, for defendants.

*Kempton*, for plaintiff.

RICE, J. — Trespass *quare clausum* for breaking and entering the plaintiff's close and carrying away a building, known as the "old school-house." The evidence showed the plaintiff to be the owner of the fee of the *locus in quo*, and that the school-house removed by the defendant was erected in 1822, by school district No. 3, ( now No. 2, ) on the land of the plaintiff, with his consent, he at that time agreeing that the district might have the use of the land during the life of the school-house. There was no evidence that this license, which was by parol, was ever renewed.

The extracts from the records of the town of Vienna show that in September, 1847, a committee was chosen by the town to "make such alterations in school districts as they should think proper."

This committee subsequently reported modifications and alterations in the lines of several of the school districts in the town, and at the town meeting held on the 20th of March, 1848, the town voted, "to make the alterations in the several school districts and to define the limits according to

a report that a committee made in 1847, that was chosen by the town for that purpose."

By this alteration that part of District No. 2, on which the old school-house stood, fell within the limits of district No. 1, according to the newly established lines.

This action of the town simply altered and defined the limits of the several school districts therein; it did not abrogate the old corporations and create others in their place.

A school district is not divested of its property in its school-house by an alteration of the lines of such district, though by such alteration their school-house shall fall without the newly established lines. *School District No. 1, in Stoneham* v. *Richardson*, 23 Pick. 62.

The property in the school-house remained, after the alteration of the lines by the town, as before, in district No. 2. It also appears from the evidence that the actual possession remained in the district. The district might therefore authorize its removal from the land on which it stood, and if in such removal no unnecessary damage was done to the freehold, the plaintiff would have no legal cause for complaint.

The case finds that the defendants did no act unnecessary to be done, in taking down and removing the house. The only question is, whether the defendants were legally authorized by the district to enter upon the land and remove the house. Being a corporation with limited and defined powers, the district could only act legally within the scope of its authority, and according to the rules prescribed by law, and at a meeting legally called.

Section 5, of chapter 193, art 2, of the laws of 1850, provides that school district meetings, on the written application of any three or more of the legal voters of such districts, respectively, stating the reasons and objects of the proposed meeting, may be called by the selectmen of the town, containing such district; or by the school district agent or agents, if any have been appointed. Section 6, of same chapter provides that in case notice of such meeting is not published in some newspaper printed in the town, where

such district is situated, such notice shall be posted up in two or more *public* places within such district.

It does not appear that the meeting at which the vote was passed under which the defendants claim to have acted in removing the school-house, was either called or notified according to the provisions of the statute above cited. The defendants have therefore failed to show any authority for their acts emanating from a legally constituted meeting of the district, and are therefore liable in trespass for entering upon the land of plaintiff. But the school-house being neither his property, nor in his actual possession, he is entitled to nominal damages only. A default must be entered and judgment for the plaintiff for nominal damages.

SHEPLEY, C. J., and TENNEY, APPLETON and CUTTING, J. J., concurred.