## Township of Saginaw v. School District No. One of the City of Saginaw.

The city of Saginaw was incorporated of territory which constituted about one-fourth of School District No. One of the township of Saginaw. The officers of the district (being within the city) thereafter assumed to be officers of School District No. One of the city of Saginaw, and brought suit in that name to recover moneys levied and collected for said School District No. One of the township of Saginaw, claiming an identity of corporate existence. *Held*, that whether the plaintiff in the suit was identical with School District No. One of the township of Saginaw, was a question of law, and not of fact for the jury.

*Held further*, that the city charter (which provided for a board of city School Inspectors) had the effect to sever from the school district the territory included in the city, but without in any other respect depriving the district of any of its legal rights.

The city in such case has no remedy to recover its proportion of the school district moneys or other property, there being no statute providing for such recovery.
*Heard January 8th. Decided January 20th.*

Error to Saginaw Circuit.

Action was brought in assumpsit, in the name of School District, No. One of the city of Saginaw, against the township of Saginaw, to maintain which evidence was introduced showing that, for the 1856, there was included in the tax roll for said township a mill tax of $474,26, which the warrant annexed to the roll required the treasurer to pay over to the order of the proper school district officers of the township of Saginaw: that School District No. One of the township of Saginaw was organized in 1837, and that the organization had been continued to the time of the trial, June, 1861: that from the time when the city of Saginaw was incorporated as a city, in 1857, said district had exercised its functions and franchises in the name of School District No. One of the city of Saginaw: that in the summer or fall of 1857, Hiram L. Miller, who resided in said district and was an officer thereof, and in said city, called upon the township board, and requested the payment of so much of said mill tax as Miller claimed to be due to the district, being $350,30, and that the board

declined to comply with the request, for the alleged reason that there had been no apportionment of the mill tax for 1856, so far as appeared from their records, and also that they denied that the township owed the city or district. It was also shown by the report of the School Inspectors of the township, dated October, 1856, that there were residing in the township 513 children between the ages of four and eighteen years, of whom 400 resided in School District No. One; that the boundaries of said district had been changed several times since 1837; and parol evidence was given that since the city was chartered, so much of the district as was outside the city limits had been set off from the district. It was also shown that, in June, 1860, E. C. Newell, as assessor of School District No. One of the city of Saginaw, presented to the township treasurer two orders; one signed by the Mayor or Recorder of the city of Saginaw, and the other by the district officers of School District No. One of the city of Saginaw, each of which required said treasurer to pay [over to said Newell the mill tax claimed to be due to the district for 1856, and that the treasurer refused to pay the same.

By the evidence on the part of defendant, it appeared that only about one-fourth of School District No. One of the township of Saginaw was included within the limits of the city by the act of incorporation, and that there were families, and children between the ages of four and eighteen (but how many, was not proved), residing outside the city limits, but within the district, in September, 1856. The whole territory included within the city was before within the limits of said district.

The counsel for defendant requested the Court to charge the jury, that there was no evidence in the case that the plaintiff was vested with the rights of School District No. One of the township of Saginaw. The Court declined so to charge, and on the contrary instructed the jury that whether there was evidence that the plaintiff was

vested with the rights of said District No. One of the township of Saginaw, depended on the question of identity, and that was a question for the jury to decide. But the jury must find that the plaintiff is identical with said District No. One of the township of Saginaw, or plaintiff could not recover. The Court further instructed the jury that if they should find that the mill tax in question had been collected by the township, and not paid over to the proper district officers, the amount plaintiff would be entitled to recover would be such proportion of the $474,26 as the number of children then residing within the limits of School District No. One (the plaintiff) bore to the whole number of children then residing in the township as shown by the census of the director; the difference between the boundary of the city and that of the old district, being only material as regards the number of children entitled to the benefits of the fund, and not affecting the right of the plaintiff to recover, but the amount only.

The jury returned a verdict for the plaintiff for $350,30.

*W. L. Webber*, for plaintiff in error.

*Sutherland & Miller*, for defendant in error.

MANNING J.:

School District No. One of the township of Saginaw was organized in 1837. In 1857 the city of Saginaw was incorporated, the city limits being wholly within the school district, and comprising about one-fourth of the district. A mill tax for schools had been levied and collected in the district the preceding year, and paid over to the township treasurer, which the present action was brought to recover, by the defendant in error, who was plaintiff in the Court below. After the incorporation of the city, the officers of the district assumed to act as officers of School District No. One of the city of Saginaw, for that part of the district comprised within the city limits, and to

change the name of the district from School District No. One of the township of Saginaw, to School District No. One of the city of Saginaw. The city charter provides for the election of two school inspectors for the city, and also makes the Recorder of the city ex-officio a school inspector, thereby clearly indicating an intention to sever the city from School District No. One of the township of Saginaw; and such we think was its effect. We are also of opinion that while the charter took from the district a part of its territory, it in no other respect deprived it of any of its legal rights, which remained the same after as before. And that however equitable it may be that the city should have its proportion of the mill tax, or other property belonging to the district when the severance took place, we know of no law giving it to the city, or under which it can be claimed by the city as a legal right. Provision is made by statute for such cases when a school district is divided, or a part of one school district is set off to another, by a board of school inspectors, but the case does not come within the law. The question on the trial was one of law for the Court to decide, and not of fact for the jury. The judgment must be reversed, with costs.

The other Justices concurred.

———•◆•———

## Lyman Munger v. Horace Grinnell.

A verdict in ejectment that defendant is guilty of unlawfully withholding "the west three - fourths of the north-west fractional quarter of section 18, town 5 south and range 16 west, Cass county, Michigan, except twenty - five acres on the west half of said section, and three acres cut off by the road from the south-west corner of said section," is so uncertain in the description it gives that no judgment can be rendered upon it.

*Submitted and Decided January 17th.*