BOARD OF HEALTH OF BUENA VISTA TOWNSHIP v. THE CITY OF EAST SAGINAW ET AL.

*Ejectment for cemetery—Property of township after its division.*

Trustees holding the legal title to a cemetery, for burial purposes alone, can bring ejectment for it against a municipal corporation that assumes and exercises an exclusive control adverse to them.

A township's legal identity and property rights remain unchanged after its division, so far as corporate existence is concerned, unless otherwise provided by statute.

Comp. L. § 766 in providing that where a township is divided, its burying ground shall belong to the township in which it lies thereafter, does not apply to a case where the cemetery falls within the limits of a city incorporated from the township.

Where a city is incorporated from part of the territory of a township, the latter's property rights are not affected unless, perhaps, by some specific provision in the charter or some other statute.

Corporate property is not affected at common law by changes which leave the corporate character in existence, and do not destroy the corporate identity; and there is no common law rule by which the property can be transferred to another corporation without grant.

Error to Saginaw. Submitted Jan. 4–5. Decided Jan. 12.

EJECTMENT. Plaintiff brings error. Reversed.

*Tarsney, Tennant & Weadock* for plaintiff in error. A municipal corporation may be secured in its property even though territorially divided. *Terrett v. Taylor* 9 Cr. 43; *Windham v. Portland* 4 Mass. 384; *Turst Parish v. Pratt* 4

45 MICH.—17

Pick. 222; *North Yarmouth v. Skillings* 45 Me. 135; *Hartford Bridge Co. v. East Hartford* 16 Conn. 149; *Town of Milwaukee v. City of Milwaukee* 12 Wis. 102; *Hampshire v. Franklin* 16 Mass. 76; *Saginaw v. School Dist. No. 1* 9 Mich 541; grants to private corporations cannot be divested by legislation. *Dartmouth College v. Woodward* 4 Wh. 518; *Fletcher v. Peck* 6 Cr. 87; *Paul v. Clark* 9 Cr. 292.

City Attorney *Lawson C. Holden* for defendants in error. Where a municipal corporation is divided, property falling within that portion which is set off, becomes the property of that portion. *North Hempstead v. Hempstead* 2 Wend. 109; *People v. Morrell* 21 Wend. 580; Dillon Mun. Corp. § 128.

CAMPBELL, J.   Plaintiffs in error brought ejectment for a cemetery in the city of East Saginaw, which had been conveyed to them in 1854 in trust for cemetery purposes for the township of Buena Vista.   The uses declared in the deed were "in trust for the use of the township as a place of burial for the dead, and to be used by said board and said township as a cemetery and for cemetery purposes, and for no other purposes whatever."   In case any of the land should be sold for other purposes, such portion was to revert.

In 1859 the city of East Saginaw was incorporated out of a part of the township, and made to include the cemetery. Subsequently the city undertook to assert ownership over the cemetery, and for several years, and until this suit was begun, claimed the exclusive right and control over it, disposing of burial rights, and managing it as city property.

The court below, upon a finding showing these facts, gave judgment for the defendants.

There can be no doubt that ejectment will lie by the trustees for a cemetery when they hold the legal title.   Their position is analogous to that of the holder of the fee of a parish church-yard, where the burial places, although held by right, are not regarded as inconsistent with a legal title in the whole church-yard in the person or corporation vested with the trust.   And where, as in this case, the defendant

has assumed and exercises exclusive control, it is equally plain that there has been such an ouster as gives a cause of action. The only important question therefore relates to the ownership of the title. It has never been conveyed away in fact, and the only ground set up as a substitute for a conveyance is the supposed effect of the division of the old township of Buena Vista, whereby the cemetery fell within the city limits.

The statute relied on is the one relating to the division of townships, whereby it is declared that when a township is divided, and contains a burying-ground, it shall belong to the township in which it lies after the division. Comp. L. § 766.

This section is found in a chapter relating entirely to the division of townships. The previous sections provide for the manner in which the property and liabilities shall be apportioned, and adequate provision is made for such an apportionment. The sixth section declares that these previous arrangements shall not apply to burying-grounds, which, as before stated, are made to belong to that one of the town divisions in which they lie.

It is not claimed that this statute refers to cities by name, but it is insisted that the setting apart of a city is equivalent to the division of a township, and comes within the same rules.

It is very clear that the legal identity of a township remains unchanged after division, so far as corporate existence is concerned, unless otherwise provided by law. Our statutes have not extinguished the corporation known as the township of Buena Vista. Its authority as a township does not extend over the city, but its property remains unless divested.

The chapter on the division of towns contains no provision whatever for any division of property, except between the townships created or continued as such by the division. The whole machinery provided for adjusting their respective interests is township machinery. There is nothing in the statute which divests a township of any rights in favor of a city, or provides any means for apportioning property or debts between city and township. And the reason for this is obvious. The whole system of township laws is uniform. It is all governed by general laws. It may very well be

regarded as safe and discreet to leave the arrangements on a
division to town authorities, who are all on the same footing
and vested with the same powers and duties. But cities are
not so created. Each has its own charter, and its boundaries,
powers and rights as well as responsibilities have always been
fixed in every case by special legislation. Unless the act
creating the city, or some other àct relating to city matters,
contains some provision concerning the transfer or distribu-
tion of township rights or responsibilities, the township can-
not be affected by the city incorporation in any of its property
relations. It is quite unimportant to consider the extent of
legislative power in such matters, when no such power has
been asserted.

The charter of East Saginaw contains a grant of power to
the city to purchase cemetery grounds, but it confers no title
to those already vested in the township from which its terri-
tory was carved out. Section 6 (Comp. L. § 766), does not
stand by itself as a statute relating to burial grounds, but is
by its terms applicable as creating an exception to the pre-
vious rules which without that exception would require
burying grounds to be included among the property appor-
tioned. It only applies to such divisions as under the
previous sections give occasion for an apportionment by
township boards. Every township is expected under our laws
to have a burying ground, and this statute simply provides
that where there is one, it shall belong, on a division of the
old township, to the town where it lies. But there is nothing
in the charter of East Saginaw which adopts this rule, or
which is inconsistent with the continued ownership of this
tract by the township. The charter expressly authorizes the
city to procure burying grounds beyond its own borders. It
may procure them in Buena Vista or anywhere else. The
same legislature that incorporated East Saginaw expressly
changed the old statute so as to allow a township if necessary
to procure a cemetery elsewhere. Laws 1859, p. 396 (Comp.
L. § 1696). It is manifest that section 766 was merely
designed to prevent the confusion that might arise if the
division of a township were to subject the cemeteries to

division or disturbance; and was not meant to preclude a township from retaining its property beyond its own limits where not directly covered by some law reaching the case. The law of 1859 certainly indicates that no such general policy prevails now.

There being no statute applying to cities in general, or to this city in particular, the rules applicable to townships, the common law rule, must prevail, which leaves the property of a corporation unaffected by such changes as leave its corporate character in existence, and do not destroy its corporate identity. There is no common law rule which can transfer property from one corporation to another without grant.

It follows that the plaintiff is entitled to recover the premises from the defendant. The judgment below must be reversed and judgment must be given for the plaintiff as owner in fee, with costs of both courts.

The other Justices concurred.