TOWNSHIP OF COMINS v. TOWNSHIP OF HARRISVILLE.

*Organization of townships—Collection of taxes.*

A township is not completely organized for the assessment, levy and collection of taxes until the election of its proper officers; and until then the township from which it is set off may levy and collect the taxes.

Assumpsit on the common counts will not lie at the suit of a township to recover from the township from which it has been set off the amount of school and township taxes collected by the latter under an assessment made upon the territory of the former before its township organization was perfected.

Case made after judgment from Alcona. Submitted January 18. Decided January 28.

ASSUMPSIT. Defendant had judgment. Affirmed.

*James M. Goodell* for plaintiff. A township becomes a body corporate and politic as soon as it is organized and before election of its officers: *Carleton v. People* 10 Mich. 250; *Rice v. Ruddiman,* id. 125; taxes for township and school purposes belong to the township in which they were levied; *Clare County v. Auditor General* 41 Mich. 182; an action for money had and received is the only proceeding by which to liquidate a demand against a municipal corporation for money wrongfully held: *Midland School Districts* 40 Mich. 551; *Moore v. Mandlebaum* 8 Mich. 448.

*R. Z. Roberts* for defendant. The proper proceeding to recover money belonging to one township but in the treasury

of another is by mandamus: *Marathon v. Oregon* 8 Mich. 372; *People v. Porter* 18 Mich. 101 ; *Dayton v. Rounds* 27 Mich. 82.

MARSTON, C. J.　The facts as found by the circuit judge appear in the margin.*

The law of this State relating to the assessment, levy and collection of taxes, does not regard certain designated territory as a township until the proper officers necessary to conduct its affairs have been elected.　The officers of the new township not having been elected until July, there was not such a perfected organization as would enable that township to assess the township and school taxes for that year.　Under such circumstances, in my opinion the township of Harrisville had a right to levy and collect the taxes in question.

---

* The facts found are as follows: From the year 1869 until the twenty-second day of March, A. D. 1877, the county of Oscoda was attached to the county of Alcona, for judicial and municipal purposes, and up to the last-named date the township of Harrisville lawfully and legally exercised municipal jurisdiction over the territory comprising the said county of Oscoda.

That on the last-named date the legislature passed an act (No. 263, Sess. Laws 1877), organizing the county of Oscoda into a township, called by said act the township of Comins, said act taking immediate effect.

In the year 1877 the supervisor of the township of Harrisville made an assessment roll, embracing, with other territory, all the territory in the county of Oscoda.　The total amount of taxes spread upon the whole roll was $28,293.24, of which there was assessed for township taxes $809 76; for school taxes $4164.65.　Included in the two last-named items was the sum of $469.39 for township tax and $1702.01 for school tax, which two last-named items were assessed upon the territory comprised in the county of Oscoda.　Said two last-named items were collected by the treasurer of the township of Harrisville.　The interest on said two last-named items to day of trial is $341.95.

The township of Comins elected officers of the township in the month of July, 1877.　This was the first election of township officers in the township of Comins.

In the year 1879 the township of Comins, by its duly-constituted agent, made a demand on the township board of the township of Harrisville for the payment to the township of Comins of both of said items of township and school tax, and interest thereon, stated above to have been collected from the county of Oscoda.

Upon the foregoing facts found it is concluded that if the said tax was legally assessed, then the money arising from the assessment belongs to the defendant; if the assessment of said tax was without legal power or authority, and therefore void, then the money so collected belongs to the tax-payers who paid it.

In this case, as a conclusion of law, we say that the defendant is entitled to judgment.

*Dated May 5, 1880.*　　　　　　J. B. TUTTLE, Circuit Judge.

But whether it did or not, the present action will not lie to recover the moneys so collected. If it did have, this is not the proper remedy; if it did not, its action cannot be ratified by the town of Comins, and an action maintained for the money.

In either view the judgment below was correct and must be affirmed with costs.

COOLEY and GRAVES, JJ. concurred.

CAMPBELL, J.    I concur in the result.