### WILLIAM COURTRIGHT v. TOWNSHIP CLERK OF BROOKS TOWNSHIP.

*Collection of judgment against township after its subdivision.*

Mandamus lies to compel a town clerk to issue the proper certificate for the levy of a tax to satisfy a judgment against the township, even though the cause of action arose in territory that was set off as a new township after it arose and before judgment.

Mandamus. Submitted April 29. Granted June 18.

*A. G. Day* for relator. Subdivision of a town after suit has been brought against it and before plea is no defense: Dill. Mun. Corp. §§ 36, 126; *Layton v. New Orleans* 12 La. Ann 515; *Girard v. Philadelphia* 7 Wall. 1; *People v. Hill* 7 Cal. 97; *Blanchard v. Bissell* 11 Ohio St. 96; *Powers v. Wood* 8 Ohio St. 285; *Arnoult v. New Orleans* 11 La. Ann. 54; *Cheaney v. Hooser* 9 B. Mon. 330; *Gorham v. Springfield* 21 Me. 59; *Morford v. Unger* 8 Ia. 82; *St. Louis v. Russell* 9 Mo. 503; *St. Louis v. Allen* 13 Mo. 400; *R. R. Co. v. Spearman* 12 Ia. 112; *Wade v. Richmond* 18 Grat. 583; *Norris v. Mayor* 1 Swan 164; *Elston v. Crawfords-*

*ville* 20 Ind. 272; *Edmunds v. Gookins* 20 Ind. 477; when part of the inhabitants and territory of an older town are erected into a new corporation, the old town is subject to all its former liabilities: *Hartford Co. v. Hartford* 16 Conn. 149–171; *Windham v. Portland* 4 Mass. 384; *Hampshire v. Franklin* 16 Mass. 76; *North Hempstead v. Hempstead* 2 Wend. 109; *Richards v. Dagget* 4 Mass. 539; *Richland county v. Lawrence* 12 Ill. 1; *Blackstone v. Taft* 4 Gray 250; *North Yarmouth v. Skillings* 45 Me. 133; *Cobb v. Kingman* 15 Mass. 197; *Minot v. Curtis* 7 Mass. 444: Opinion of Sup. Judge 6 Cush. 575, 578; on division of a township each portion remains liable for the whole liability of the old township, and if one fraction pays the whole amount it only lays a foundation for contribution: *Plunkett v. Crawford* 27 Penn. St. 107.

COOLEY, C. J.    On April 30, 1881, the relator, in the circuit court for the county of Newaygo, recovered judgment against the township of Brooks for an injury sustained January 12, 1880, by reason of a defect in a bridge in said township, which it was the duty of the township to keep in repair.

On January 6, 1881, the supervisors of the county of Newaygo divided the township of Brooks into two townships,—to one of which they gave the name of Garfield, while the other retained the name of Brooks. The bridge where the accident occurred, fell within the new township of Garfield. On October 6, 1881, the township boards of the two townships apportioned and divided the money and property of the old township of Brooks between the two townships, but made no provision in respect to said judgment. The relator claims that the township of Brooks, as it now exists, is his debtor, and he asks a mandamus to compel the issue of the proper certificate for the levy of a tax for the satisfaction of the judgment.

We think the relator is entitled to the relief he prays. The position of the respondent is that, when a new township was created by the supervisors, the old township of Brooks was dissolved, and not one new township but two were created; the board giving to one of the new townships the name of the old. But this is not the legal view of their

action. The legal view is that the old corporation, known as the township of Brooks, was left in existence; a new township being merely set off from it. And remaining in existence, it would remain chargeable with all its previous obligations. The remedy to compel the new township to share in the old burdens is to have an apportionment of them under the statute. How. Stat. §§ 788–795.

The answer to this, on the part of the respondent, is that the claim of the relator was a mere claim to damages for a tort until the judgment was rendered, and therefore the liability could not have been apportioned between the townships, under the statute. If this is so, we do not think it will affect this proceeding. The judgment is against Brooks township; and if the existing statute fails to make provision for the enforcement of its equities against the new township, the remedy must be sought at the hands of the Legislature. The case is not one for judicial relief.

The mandamus must issue as prayed.

The other Justices concurred.