## UNION TP. v. OAKDALE TP.

No. 1437.   Opinion Filed January 16, 1912.

(120 Pac. 968.)

1.   **TOWNS—Division of Township—Right to Assets.**  Where part of an existing township was detached by an order of the county commissioners in 1904, and the part so detached was organized as a new township, no provision being made in the order, and no statute existing for the division or apportionment of the assets of the old township, **held,** that the new township cannot recover of the old any part of the cash in the hands of the county treasurer and due the old township at the time of division, or received by the treasurer for it, after division, from tax levies made prior to the division.

2.   **TOWNS—Division.**  Where a new township is created out of a part of the territory of an old one, unless some provision is made in the act creating the new or exists under the statute respecting the property and existing liabilities of the old township, the old township retains the title to all the public property, except such as may be located in the detached territory, and is responsible for the debts contracted before the division.

(Syllabus by Brewer, C.)

*Error from District Court, Washita County; James R. Tolbert, Judge.*

Action by Oakdale Township against Union Township. Judgment for plaintiff, and defendant brings error. Reversed, and action dismissed.

*T. W. Jones* and *R. N. Linville,* for plaintiff in error.

*R. Brett* and *T. A. Edwards,* for defendant in error.

Opinion by BREWER, C.   This is a suit for money had and received.   On January 22, 1908, the defendant in error, Oakdale township, as plaintiff below, filed its petition against Union township, plaintiff in error, as defendant below, in the district court of Washita county.   The petition stated substantially. the following state of facts:  That prior to January 4, 1904, Union township embraced all the territory in both plaintiff and defendant

townships at the time of suit.  That on January 4, 1904, the board of county commissioners of Washita county divided Union township, creating the south half thereof into Oakdale township.  That at the time of such division and creation of plaintiff there was certain cash in the hands of the county treasurer due defendant. That said funds were derived from taxes collected from persons on property situated in defendant township before division. That thereafter the county treasurer collected other taxes during the year 1904 under the levy of 1903 from said property, and paid them over to defendant.  That one-half of the property from which said taxes were collected was situated in plaintiff township after the division, and therefore one-half of said taxes were the property of plaintiff.  That defendant township had failed and refused to pay to plaintiff its said one-half of taxes so collected, and had appropriated and converted them to its own use.

Demand and filing of claim for same with defendant and refusal to pay are alleged by plaintiff.  The defendant filed demurrer and answer to petition.  The demurrer was overruled, and defendant excepted.  The cause was referred to a special referee. Defendant objected to introduction of evidence.  The referee found the law and facts in favor of plaintiff over exceptions of defendant.  The report was confirmed by the district court, and judgment entered for plaintiff in the sum of $525.41, interest and costs.

Several alleged errors are assigned and urged by plaintiff in error, but under our view of the case a consideration of the demurrer to the petition will dispose of the whole matter.  The county commissioners, when they made the order creating plaintiff out of territory theretofore a part of defendant, made no attempt by order or otherwise to provide for any apportionment or division of the assets of defendant on hand, or to be collected from prior levies of taxes.  No statute in force when this matter arose providing for such division or apportionment has been called to our attention, and we know of none.

The question, then, is:  Where part of an existing township is detached, and created into a new one, and no provision is made by statute, order, or otherwise for an apportionment of the as-

sets of the old, is the new one entitled to part of such assets, and can it recover them in a suit for conversion or for money had and received? The defendant in error on this proposition relies mainly on the doctrine announced by the Supreme Court of Indiana in *Towle, Trustee, v. Brown, Auditor,* 110 Ind. 65, 599, 10 N. E. 626, 628. This authority supports its contention fully. It also cites *Mt. Pleasant v. Beckwith,* 100 U. S. 514, 25 L. Ed. 699. This case we do not think in point. Under the decisions of this court, the position of defendant in error cannot be sustained. In the case of *Winslow v. France,* 20 Okla. 303, 94 Pac. 689, Justice Williams, for the court, said:

"It is well settled that if a new county is created out of the territory of an old county, or if part of its territory or inhabitants is annexed to another county, unless some provision is made in the act respecting the property and existing liabilities of the old county that the old county owns all the public property except such as may be located within the detached territory, and is responsible for the debts contracted by it before the act of separation was passed. *Laramie County v. Albany County et al.,* 92 U. S. 314, 23 L. Ed. 552; *North Hempstead v. Hempstead,* 2 Wend. (N. Y.) 134; *Wade v. Richmond,* 59 Va. 583; *Higginbotham v. Commonwealth,* 66 Va. 627; *Watson v. Commissioners of Pamlico,* 82 N. C. 17; 1 Dillon on Municipal Corporations, sec. 123. If a portion of a territory is annexed to another county, unless some provision is made in the act respecting the property, and existing liabilities of the old county, the territory or inhabitants detached from the original county lose all claim to share in the property belonging to the county from which it was taken. Whilst it is thus relieved from the indebtedness resting upon the latter, yet it incurs the liabilities and shares in the property of the county to which it. is attached, and is equally subject to assessment and taxation for that purpose. *Commissioners of Currituck v. Commissioners of Dare,* 79 N. C. 565; *Watson v. Commissioners of Pamlico,* 82 N. C. 17; *Chicago, etc., R. R. Co. v. Cuming County,* 31 Neb. 374, 47 N. W. 1121; 1 Dillon on Municipal Corporations, sec. 123."

The doctrine of the above case has been quoted with approval in *Wilhite v. Mansfield et al.,* 23 Okla. 246, 99 Pac. 1087. To the authorities cited above may be added as strictly in point 1 Cooley on Taxation (3d Ed.) 414, 415; *Township of Comins*

*v. Township of Harrisville,* 45 Mich. 442, 8 N. W. 44. From the above authority it appears that the petition in this cause does not state a cause of action. Therefore the cause should be reversed, with instructions to the trial court to set aside the judgment, sustain the demurrer, and dismiss the action.

By the Court: It is so ordered.

All the Justices concur.