SCHOOL DISTRICT OF CITY OF SAGINAW, EAST SIDE, *v.* SCHOOL DISTRICT NO. 6 OF BUENA VISTA TOWNSHIP.

1. SCHOOLS AND SCHOOL DISTRICTS—WHERE ANNEXATION TO SCHOOL DISTRICT AUTOMATIC STATUTORY PROCEEDINGS UNNECESSARY.
      Under Act No. 166, Pub. Acts 1917, § 6, on the annexation of a part of a township to a city, that part of ·the

school district so annexed automatically becomes a part of the school district of the city, so that proceedings under Act No. 86, Pub. Acts 1909 (2 Comp. Laws 1915, § 5860 *et seq.*), providing for a joint meeting of the township board and members of the city school board, are unnecessary.[1]

2. SAME—ANNEXATION—LIABILITY FOR INDEBTEDNESS.

Under said section title to property "situated wholly upon the territory so annexed" passed to the annexing district, and it became liable for the proportion of the existing school indebtedness of the district from which the territory was taken in the proportion that the assessed valuation of the territory annexed bears to the assessed valuation of said last named district, before annexation, based on the assessment roll of the previous year.[2]

3. SAME—BASIS OF APPORTIONMENT OF PRIMARY SCHOOL FUND—STATUTORY PROVISIONS MANDATORY.

The provisions of section 5644, 2 Comp. Laws 1915, requiring the State superintendent of public instruction to make the apportionment of primary school interest fund on the basis of the school census for the preceding year, are mandatory.[3]

4. SAME—POWER OF LEGISLATURE OVER PUBLIC PROPERTY.

While the legislature has the right, in creating new school districts, to transfer and provide for the transfer of the property of the old district to the new district because it is public property, in the absence of express legislation on the subject, the property of the old district, except that wholly in the annexed territory, still remains the property of the old district unaffected by the annexation.[4]

5. MUNICIPAL CORPORATIONS — RIGHTS, DUTIES AND LIABILITIES FIXED BY LEGISLATURE.

The rights, duties and liabilities of public corporations, which are creatures of the legislature, are fixed by the legislature.[5]

6. SCHOOLS AND SCHOOL DISTRICTS—PRIMARY SCHOOL FUND—APPORTIONMENT.

Where a portion of a township school district was an-

[1]School and School Districts, 35 Cyc. p. 842; [2]Id., 35 Cyc. p. 852; [3]Id., 35 Cyc. p. 822; [4]Id., 35 Cyc. pp. 850, 851; [5]Municipal Corporations, 28 Cyc. pp. 286 (Anno), 307.

nexed to a city district, the latter was not entitled to any portion of the primary school interest fund apportioned to the former district under 2 Comp. Laws 1915, § 5644, although it was apportioned on the basis of the school census before annexation.[6]

Case-made from Saginaw; Snow (Ernest A.), J. Submitted April 22, 1925.    (Docket No. 82.)    Decided July 16, 1925.

Assumpsit by the school district of the city of Saginaw, east side, against school district No. 6 of Buena Vista township for money had and received. Judgment for defendant.    Plaintiff appeals.    Affirmed.

*Hugo E. Braun* (*Frank A. Rockwith,* of counsel), for appellant.

*Crane & Crane* and *W. J. Nash,* for appellee.

FELLOWS, J.    On April 7, 1919, plaintiff adopted the provisions of Act No. 166, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 5870 [24-32]).    February 24, 1920, a special election was held and a portion of Buena Vista township was annexed to the city of Saginaw, effective April 6, 1920.    The portion annexed was a part of defendant school district.    On April 1, 1920, the township board of Buena Vista township met with a committee consisting of four members of plaintiff's board and adopted a resolution making the territory annexed to the city of Saginaw a part of plaintiff's district.    This proceeding was evidently taken under the provisions of Act No. 86, Pub. Acts 1909 (2 Comp. Laws 1915, § 5860 *et seq.*). School property located in the annexed territory of the value of $14,000 was turned over to plaintiff and it assumed debts of defendant district aggregating $9,164.06.    In 1920 the primary school interest fund

[6]School and School Districts, 35 Cyc. p. 852.

was apportioned by the superintendent of public instruction in accordance with the provisions of section 5644, 2 Comp. Laws 1915, on the school census of 1919. When this census was taken defendant had 983 students within the provisions of the act, 930 of whom were taken over by plaintiff in the annexation. November 1, 1920, defendant received $9,830 primary school money and $241.33 library money from the State through the prescribed channels. This action is brought to recover the proportionate share of the money so received.

In *Collins* v. *City of Detroit*, 195 Mich. 330 (followed in *Board of Education* v. *Bacon*, 196 Mich. 15), this court held that the change in the territorial limits of a city did not of itself affect the school districts within the annexed territory, that proceedings under the act of 1909 were necessary. The opinion in this case was filed March 30, 1917. Act No. 166, Pub. Acts 1917, was approved May 2, 1917, and it is quite probable that it was passed to obviate in the future the effect of that decision. This probability is somewhat strengthened by the fact that the legislature had already passed Act No. 18, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 5870 [77-82]), approved March 29th, entitled:

"An act to provide for the consolidation of school districts in territory annexed to cities with school districts of such cities."

But Act No. 18 did not go as far as Act No. 166 and it was passed before the decision in the *Collins Case*. Whether it was repealed by implication by the latter act is a question not necessary to decide. Section 6 of Act No. 166 is as follows:

"Whenever hereafter any territory shall be annexed to any city, village or township forming the whole or a part of a school district of the third or fourth class, the territory so annexed shall become a part of the

contiguous school district embracing the whole or some part of said city, village or township, and all property of any school district, situated wholly upon the territory so annexed, shall become the property of the school district to which the said territory is adjoined, and said last named district shall assume and pay such proportion of the then existing school indebtedness of the district from which such territory is taken as the assessed value of the taxable property in the territory annexed shall bear to the total assessed value, before such annexation was made, of the taxable property of the entire district from which such territory is taken, the value as shown by the assessment roll for the year preceding the annexation to be used as the basis of the computation."

By the plain language of this section upon the annexation of the portion of Buena Vista township to the city of Saginaw, that portion of defendant district so annexed to the city automatically becomes a part of plaintiff's district and the proceedings taken under the act of 1909 were unnecessary. At the same time title to property "situated wholly upon the territory so annexed" passed to plaintiff and it became liable for its statutory portion of defendant's indebtedness. The act, however, makes no provision for a division of the other property, including uncollected taxes, as did Act No. 141 (Comp. Laws Supp. 1922, § 5870 [1-23]), of the same session which applies to larger districts.

Before going further it should be stated that the provisions of section 5644, 2 Comp. Laws 1915, requiring the superintendent of public instruction to make the apportionment on the basis of the school census for the preceding year, are mandatory. Manifestly there must be some fixed basis upon which the apportionment is to be made or utter confusion would follow. In the wisdom of the legislature the school census for the preceding year was deemed such a basis and it was used in the instant case.

The trial judge denied plaintiff's right to recover on the authority of *Township of Saginaw* v. *School District,* 9 Mich. 541. The earnest insistence of plaintiff's counsel that if this case is not in effect overruled by *Board of Sup'rs of Ontonagon Co.* v. *Board of Sup'rs of Gogebic Co.,* 74 Mich. 721, it should now be overruled or at least modified, prompts us to examine the authorities at some length. We shall reserve our own cases for the last.

In considering the question here involved, we should bear in mind that we are not considering a case of consolidation of districts where one district is wiped out. This annexation took but a part of defendant's territory and left defendant an existing corporation with a portion of its territory intact. Cases of consolidation will, therefore, not be considered.

In *Inhabitants of Hampshire* v. *Inhabitants of Franklin,* 16 Mass. 76, it was said by Chief Justice Parker:

"By general principles of law, as well as by judicial construction of statutes, if a part of the territory and inhabitants of a town are separated from it, by annexation to another, or by the erection of a new corporation, the remaining part of the town, or the former corporation, retains all its property, powers, rights and privileges, and remains subject to all its obligations and duties; unless some express provision to the contrary should be made by the act authorizing the separation."

In *Hartford Bridge Co.* v. *Town of East Hartford,* 16 Conn. 149, it was said:

"We suppose it to be well settled, that, when a part of the inhabitants and territory of an older town are erected into a new corporation, the old town retains all the property, rights, and privileges formerly belonging to it, and is subject to all its former duties and liabilities, at least, as it regards property which has no fixed location in the new town, as lands, buildings, etc."

The Supreme Court of the United States in *Laramie County* v. *Albany County*, 92 U. S. 307, thus stated the rule:

"Regulation upon the subject may be prescribed by the legislature; but, if they omit to make any provision in that regard, the presumption must be that they did not consider that any legislation in the particular case was necessary. Where the legislature does not prescribe any such regulations, the rule is that the old corporation owns all the public property within her new limits, and is responsible for all debts contracted by her before the act of separation was passed. Old debts she must pay, without any claim for contribution; and the new subdivision has no claim to any portion of the public property except what falls within her boundaries, and to all that the old corporation has no claim."

Two cases cited by defendant's counsel are quite in point. They are *State, ex rel. School District,* v. *School District,* 90 Mo. 395 (2 S. W. 420), and *Union Township* v. *Oakdale Township,* 30 Okla. 708 (120 Pac. 968, 39 L. R. A. [N. S.] 284). In the Missouri case the question was like the one before us and it was there said:

"That it was the duty of the State superintendent and of the county clerk to make the apportionment, at the time and on the enumeration then before them is not denied. This duty is clearly enjoined upon them by section 7122, Rev. Stat. 1879. At the time these apportionments were made they had, and could have had, before them, only the enumeration of 1881. It cannot be said that these officers have done other than follow the plain dictates of the statute. It would seem to be fair that the fund should follow the children, on whose account it was apportioned, into the new district; but the statute makes no provision for such cases, and we are not at liberty to make a law to accord with what may appear to us to be an equitable distribution."

In the Oklahoma case it was held (we quote from the syllabus):

"Where part of an existing township was detached by an order of the county commissioners in 1904, and the part so detached was organized as a new township, no provision being made in the order, and no statute existing for the division or apportionment of the assets of the old township, *held,* that the new township can not recover of the old any part of the cash in the hands of the county treasurer and due the old township at the time of division, or received by the treasurer for it, after division, from tax levies made prior to the division."

See, also, 24 R. C. L. p. 566; 35 Cyc. p. 850; 1 Dillon on Municipal Corporations (5th Ed.), p. 626; Voorhees on the Law of Public Schools, § 20; *Whittier v. Sanborn,* 38 Me. 32; *Board of School Com'rs of Indianapolis* v. *Center Township,* 143 Ind. 391 (42 N. E. 808) ; *Town of Depere* v. *Town of Bellevue,* 31 Wis. 120 (11 Am. Rep. 602).

Doubtless the extreme holding is found in *City of Winona* v. *School District,* 40 Minn. 13 (41 N. W. 539, 3 L. R. A. 46, 12 Am. St. Rep. 687). In that case both the city and the school district of the city were operating under special acts. Construing these acts it was held that when the city expanded its territorial limits and annexed additional territory, such territory thereby became a part of the city school district, but that the old school district which still existed retained title to all the property including that within the annexed territory.

The authorities clearly demonstrate, we think, that this court applied the correct rule in *Township of Saginaw* v. *School District, supra,* and that it should not be modified or overruled. Nor do we think it was overruled by *Board of Sup'rs of Ontonagon Co.* v. *Board of Sup'rs of Gogebic Co., supra.* While there is some language in that case which gives color to the contention of plaintiff's counsel, it must be borne in mind that the question involved in that case and the only

one necessary to decision was whether mandamus would lie.

We shall now examine some others of our own cases. In *Deckerville School District* v. *School District*, 131 Mich. 272, a very similar question to the one now before us was involved. It was there held (quoting from the syllabus) :

"Where a legislative act dividing a school district provided that each district should receive one-half of all moneys, rents, and profits due to the district divided up to the time the act took effect, which was April 18th, the new district was not entitled to a share of the primary school interest fund apportioned to the old district in the following November, though the apportionment was based on the number of school children for the previous year."

*Board of Health of Buena Vista Township* v. *City of East Saginaw*, 45 Mich. 257, was an action of ejectment to recover possession of a cemetery. A portion of the township which included the cemetery had been annexed to the city. Townships had authority to own cemeteries if necessary outside their boundaries (1 Comp. Laws 1915, § 5045). In holding that the plaintiff was entitled to maintain the action, it was said:

"It is very clear that the legal identity of a township remains unchanged after division, so far as corporate existence is concerned, unless otherwise provided by law. Our statutes have not extinguished the corporation known as the township of Buena Vista. Its authority as a township does not extend over the city, but its property remains unless divested. * * *

"There being no statute applying to cities in general, or to this city in particular, the rules applicable to townships, the common-law rule, must prevail, which leaves the property of a corporation unaffected by such changes as leave its corporate character in existence, and do not destroy its corporate identity. There is no common-law rule which can transfer property from one corporation to another without grant."

And in *Township of Comins* v. *Township of Harrisville,* 45 Mich. 442, it was held (quoting from the syllabus) :

"Assumpsit on the common counts will not lie at the suit of a township to recover from the township from which it has been set off the amount of school and township taxes collected by the latter under an assessment made upon the territory of the former before its township organization was perfected."

See, also, *People, ex rel. School District No. 1,* v. *Ryan,* 19 Mich. 203; *Courtright* v. *Brooks Township Clerk,* 54 Mich. 182; *Township of Springwells* v. *Wayne County Treasurer,* 58 Mich. 240; *Wayne County Savings Bank* v. *School District,* 152 Mich. 440.

While the legislature has the unquestionable right in creating new school districts to transfer and provide for the transfer of the property of the old school district to the new district because it is public property (*Attorney General, ex rel. Kies,* v. *Lowrey,* 131 Mich. 639 [affirmed in *Attorney General, ex rel. Kies,* v. *Lowrey,* 199 U. S. 233 (26 Sup. Ct. 27)]), in the absence of express legislation on the subject the property of the old district except that in the annexed territory still remains its property unaffected by the annexation. Individuals and private corporations may be liable in an action for money had and received where they hold money equitably belonging to another, but the rights, duties and liabilities of public corporations which are the creatures of the legislature are fixed by the legislature. No act of the legislature has been called to our attention, and we have found none, which changes the rule which is established by the authorities we have cited. We agree with the opinion of the trial judge in which he said:

"Upon the hearing of the argument the court was impressed with the equitable claim of the plaintiff and

231—Mich.—43.

its right to recover.   However, upon a careful examination and analysis of the statutes pertaining to the subject, the court finds no law giving to the city any right to make claim to any portion of this fund, notwithstanding the fact that it might be, and, in the opinion of the court is, as a matter of equity, entitled to the same."

- The judgment must be affirmed.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.    BIRD, J., did not sit.