CITY OF NEW BALTIMORE *v.* CHESTERFIELD TOWNSHIP.

1. STATUTES—MUNICIPAL CORPORATIONS—TOWNSHIPS—NEW CITIES—
   DIVISION OF PROPERTY.
   Amendment of home rule act providing for division of property
   between township and a newly incorporated city which was not
   enacted until after incorporation had been effected would not
   affect the rights of the respective municipalities (Act No. 233,
   Pub. Acts 1931, amending 1 Comp. Laws 1929, § 2250).

2. MUNICIPAL CORPORATIONS — INCORPORATION OF VILLAGE AS HOME
   RULE CITY—DIVISION OF PROPERTY.
   Provision of statute that when officers of city and township from
   which territory was taken when city was incorporated were
   unable to agree upon division of property, one of the corpora-
   tions should be liable for accounting, related to disposition
   of real property only and not to division of highway equip-
   ment, township moneys and uncollected township taxes between
   township and newly incorporated home rule city which had
   previously been a village with same boundaries (1 Comp. Laws
   1929, §§ 2250, 2333).

3. TOWNSHIPS—INCORPORATION OF NEW HOME RULE CITY.
   The incorporation of a village as a home rule city without change
   of boundaries does not result in a right to a division of and
   a participation in the property of township by the newly in-
   corporated city (1 Comp. Laws 1929, § 2250).

Appeal from Macomb; Pugsley (Earl C.), J., pre-
siding. Submitted January 4, 1940. (Docket No.
74, Calendar No. 40,679.) Decided March 15, 1940.

Amended bill by City of New Baltimore, a munici-
pal corporation, against township of Chesterfield, a
Michigan corporation, to establish the proportion of
real and personal assets to which it is entitled, for
an accounting and other relief. Bill dismissed.
Plaintiff appeals. Affirmed.

*Berry & Stevens* and *Kenneth W. Hill,* for plaintiff.

*George W. & Clifford A. John,* for defendant.

Bushnell, C. J.   The village of New Baltimore was incorporated in 1867.   On March 9, 1931, it became reincorporated as the city of New Baltimore, without a change of boundaries.   Act No. 279, § 14, Pub. Acts 1909 (1 Comp. Laws 1929, § 2250 [see Stat. Ann. § 5.2093]), reads in part:

"Whenever an incorporated village is incorporated as a city, without change of boundaries, such city shall succeed to the ownership of all the property of such village and shall assume all of its debts and liabilities."

The same section provides:

"Whenever a new city shall be incorporated, the personal property of the township from which it is taken shall be divided and its liabilities assumed between such city and the portion of the township remaining after such incorporation, in the same ratio as herein provided in case of the annexation of a part of a township to a city, and any real property of a township located in such new city shall be held jointly by such city and the remaining portion of the township in the ratio above mentioned.   Such real estate shall be subject to sale by agreement of the governmental units or may be partitioned in the manner provided by law for partitioning of lands held by persons as tenants in common."

The last-quoted language came into the act by an amendment, which was subsequent to the incorporation of the city in 1931, and, therefore, has no effect upon the rights of the respective parties.   See Act No. 233, Pub. Acts 1931, effective September 18, 1931.

In 1930 the total assessed valuation of all taxable property in the township was $5,051,416, of

which valuation that portion lying within the boundaries of the then village of New Baltimore amounted to $1,892,926. In 1931, after the incorporation, the assessed valuation of the township was $2,911,640, and that of the city was $1,602,940. According to the assessment of 1930, 37.47 per cent. of the total assessed valuation of the entire township was within the boundaries of the village.

After the incorporation the respective municipal authorities were unable to agree as to the division, if any, of a parcel of real estate situated in the township upon which the town hall was located, certain highway equipment, township moneys in the hands of its treasurer, and uncollected township taxes.

October 6, 1938, the city filed a bill of complaint seeking a determination of the proportion of the real and personal assets which it claimed to be entitled to by virtue of law. The township moved to dismiss on various grounds.

The trial judge, in his written opinion, called attention to an indebtedness admitted by plaintiff in the sum of $1,588.97, and offered to retain jurisdiction for the purpose of determining this issue. He gave the township the option of either dismissing the entire amended bill, with costs, or withholding decision on the motion until a full hearing could be had on the merits. An order was entered dismissing the amended bill of complaint. from which plaintiff appeals.

The controlling question is whether the city became entitled to a *pro rata* share of the assets of the township at the time of its incorporation.

The claim of plaintiff is based upon the statutes relating to the "Division of Townships," 1 Comp. Laws 1929, §§ 2326–2333 (Stat. Ann. §§ 5.2201–5.2208). This last numbered section was added by Act No. 46, Pub. Acts 1881, effective September 10th

of that year, which appellant claims was enacted because of the decision of this court in *Board of Health of Buena Vista Township* v. *City of East Saginaw,* 45 Mich. 257 (January 12, 1881). This case has been cited in *School District of Saginaw, East Side,* v. *School District No. 6 of Buena Vista Township,* 231 Mich. 664, and *Village of DeWitt* v. *Township of DeWitt,* 248 Mich. 483. In the *Board of Health Case,* an action for ejectment, plaintiff sought possession of a cemetery lying within the boundaries of defendant city. Mr. Justice Campbell said:

"It is very clear that the legal identity of a township remains unchanged after division, so far as corporate existence is concerned, unless otherwise provided by law. Our statutes have not extinguished the corporation known as the township of Buena Vista. Its authority as a township does not extend over the city, but its property remains unless divested.

"The chapter on the division of towns contains no provision whatever for any division of property, except between the townships created or continued as such by the division. The whole machinery provided for adjusting their respective interests is township machinery. There is nothing in the statute which divests a township of any rights in favor of a city, or provides any means for apportioning property or debts between city and township. And the reason for this is obvious. The whole system of township laws is uniform. It is all governed by general laws. It may very well be regarded as safe and discreet to leave the arrangements on a division to town authorities, who are all on the same footing and vested with the same powers and duties. But cities are not so created. Each has its own charter, and its boundaries, powers and rights as well as responsibilities have always been fixed in every case

by special legislation. Unless the act creating the city, or some other act relating to city matters, contains some provision concerning the transfer or distribution of township rights or responsibilities, the township cannot be affected by the city incorporation in any of its property relations. It is quite unimportant to consider the extent of legislative power in such matters, when no such power has been asserted.''

He concluded his opinion by saying:

''There being no statute applying to cities in general, or to this city in particular, the rules applicable to townships, the common-law rule, must prevail, which leaves the property of a corporation unaffected by such changes as leave its corporate character in existence, and do not destroy its corporate identity. There is no common-law rule which can transfer property from one corporation to another without grant.''

The amendment of 1881 (1 Comp. Laws 1929, § 2333 [Stat. Ann. § 5.2208]), under which plaintiff city insists it is entitled to recover, reads:

''In case the township board or boards of any townships, or the proper board of officers of any township or city, shall neglect or refuse to meet as provided in the preceding sections of this chapter, or having met shall refuse or neglect to arrive at a settlement of the matters and things in difference between them, as provided in this chapter, the township or city whose board shall so refuse or neglect shall be liable to an action for an accounting and settlement in a suit in chancery, in accordance with the practice therein in the same manner and to the same effect as may be had between individuals or private corporations. And all the provisions of this chapter relative to settlements between townships on division thereof, shall be applicable to villages and cities, so far as the same can apply.''

In the *School District Case* reported in 231 Mich. 664, Mr. Justice FELLOWS reviewed the *Board of Health Case,* quoted from it, and observed that:

"in the absence of express legislation on the subject the property of the old district except that in the annexed territory still remains its property unaffected by the annexation."

A judgment for the defendant in an action for moneys had and received was affirmed.

In the *DeWitt Case,* the village planted its claim on the quoted amendment and contended that, when it became organized wholly within the township, it was entitled to a division of township highway funds. Mr. Justice CLARK, speaking for the court, quoted from the *Board of Health Case,* discussed the amendment, declined to pass upon its constitutionality, and rested decision on the ground that the statute did not provide for such a division, saying:

"The statute by its terms relates to physical division or alteration of a township. It does not contemplate the mere creation of a village within a township, which is not a physical division of the township, and hence it provides no procedure or means for a division of property or funds in such a case. The want cannot be supplied by the courts."

Following the annexation to the city of Detroit of certain portions of Redford township in 1923 and 1926, the city contended that it was entitled to a proportionate share of the township's personal property. The court, in *Detroit* v. *Township of Redford,* 253 Mich. 453, discussed the *School District Case* and said that the statute (section 14 of the home rule act, Act No. 279, Pub. Acts 1909, as amended [1 Comp. Laws 1929, § 2250 (Stat. Ann. § 5.2093)]) "obviously and plainly provides for a division of real property and of real property only." It should be noted that

the cited section was amended during the same year that decision was rendered in the *Redford Case* and subsequent thereto, by Act No. 233, Pub. Acts 1931. The premise stated by Mr. Justice North in the *Redford Case* that—"We may start with the established legal proposition that, in the absence of express statutory provision, annexation of territory from another municipality does not result in a right to a division of and a participation in the personal property of such municipality," is applicable to the facts in the instant case.

A legislative enactment, unchanged since 1881, which merely mentions the word "city" in its body, and concludes with the general statement that "all the provisions of this chapter relative to settlements between townships on division thereof, shall be applicable to villages and cities, so far as the same can apply," does not provide sufficient basis for the division of property when a village becomes incorporated as a city under the home rule act.

Had the legislature intended to overcome the force. of the *Buena Vista Case,* it would have at that time or subsequent thereto made such intention definite and clear.

In the absence of express statutory provision, the incorporation of the village of New Baltimore as a city, without change of boundaries, under the provisions of the home rule act, does not result in a right to a division of and a participation in the property of the defendant township. We are impressed with the equity of plaintiff's claim, but we find no express statutory authorization.

The order dismissing plaintiff's amended bill of complaint is affirmed, with costs to appellee.

Sharpe, Potter, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.