Lafayette School Tp. *v.* School City of Anderson—86 Ind. App. 284.

of such limitation, and in reliance on the apparent authority with which the agent is clothed. *Fatman* v. *Leet* (1872), 41 Ind. 133; *Commercial Union Assurance Co.* v. *State, ex rel.* (1888), 113 Ind. 331, 15 N. E. 518; *Talmage* v. *Bierhause* (1885), 103 Ind. 270, 2 N. E. 716; *Elkhart Hydraulic Co.* v. *Turner* (1908), 170 Ind. 455, 84 N. E. 812; 2 C. J. 566. There was no error in admitting the contracts in evidence, and, with the above interpretation of the law as to appellant being bound by the acts of its manager within the apparent scope of his authority, we do not need to consider alleged errors of the court as to instructions. Other errors are presented, but we do not deem them of controlling force.

Judgment affirmed.

---

LAFAYETTE SCHOOL TOWNSHIP *v.* SCHOOL CITY OF ANDERSON.

[No. 12,757. Filed June 15, 1927.]

SCHOOLS AND SCHOOL DISTRICTS.—*On annexation of part of a township to a city, school funds raised by township levy for preceding year should be divided equitably on basis of taxable property in each territory.*—On annexation of a part of a township to a city, the funds raised by the township by a tax levy for the preceding year for school purposes should be divided between the school city and the school township in an equitable manner, based on the amount of taxable property and polls in the territory annexed and in the portion of the township remaining after the annexation, and not in proportion to the number of children of school age in each territory (*Johnson* v. *Smith*, 64 Ind. 275, distinguished).

From Madison Superior Court; *Willis S. Ellis*, Judge.

Action by the School City of Anderson against Lafayette School Township. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Bagot, Free & Pence,* for appellant.
*Diven, Diven & Campbell,* for appellee.

McMAHAN, J.—Action by the school city of Anderson against Lafayette School township, Madison county, for the recovery of taxes collected and received by appellant for school purposes at the December, 1923, settlement, upon property in territory annexed to the city of Anderson May 1, 1923. The material facts as disclosed by the special finding are, in substance, as follows:

On May 1, 1923, the city of Anderson annexed a part of the territory in appellant township, in which there was located a school building in which the township had theretofore conducted, and in which appellee, since such annexation, has conducted a school, paying all expenses from its own funds, and furnishing school facilities to all persons in the annexed territory. The assessed valuation of the taxable property in the township for 1922 was $4,471,030, with 327 polls. The valuation of the property annexed was $279,750, with sixty-one polls. The levy for taxes in the township for 1922, for tuition was twenty-four cents, and for special school twenty-one cents. At the December settlement in 1923, the trustee of the township received from the auditor a warrant for $5,031.77 for tuition, and $4,407.20 for special school purposes, which warrants were paid by the county treasurer to the township and by it credited to the school funds of the township, no part of the taxes collected from the 1922 levy being paid to appellee school city.

Before the commencement of this action, appellee made demand of appellant for that part of the money so collected as would equal the amount collected on the property and polls in the territory annexed. Appellant

had, prior to such demand, paid out all of such funds in the legitimate expenses of its schools. This demand was made in 1925, and was refused. No part of the money so collected was used in paying for any school in the territory annexed. After such annexation, appellant was compelled to provide school advantages for children of school age in the territory not annexed, and who theretofore had, and who could thereafter have been, accommodated at the school in the annexed territory. This cost appellant $1,000 and would not have been necessary but for the annexation. Appellant has never since the demand was made had any funds from which any payment or distribution could have been made to appellee.

Appellant, in July, 1923, paid appellee $1,000 for high school tuition for the previous year on account of pupils transferred from the annexed territory and which was paid from the 1922 levy for the tuition and special school funds. On April 1, 1923, appellant anticipated and drew in advance on the 1922 levy, collectible in 1923, $2,500, which was used in defraying the school expenses for the school year 1922 and 1923, no part being paid for school purposes in the annexed territory. At the time of the annexation, appellant had a bonded indebtedness of $25,000 for school buildings and equipment, no part of which was on account of schools in the annexed territory.

The court concluded, as a matter of law, that appellee was entitled to recover $314.83 on account of local tuition fund, and $275.75 on account of the special school fund of the township, and judgment was entered accordingly.

Appellant contends that where there is a division of special school and tuition funds between the old and the annexing corporation, the division must be made in proportion to the number of children of school age, and

not on the assessed valuation of the property in the territory annexed. In support of this contention, appellant relies on *Towle, Trustee,* v. *Brown, Aud.* (1887), 110 Ind. 65, 10 N. E. 626, 628, and *Johnson* v. *Smith* (1878), 64 Ind. 275.

Attention is called to the fact that the funds involved in this action were raised wholly by taxes levied by the township trustee upon property situated in the township, and that no part of them came into the hands of the trustee as a part of any state school fund. In *Johnson* v. *Smith, supra,* the trustees of a newly-organized school town brought suit against the trustee of the township in which the town was situated to recover a part of the tuition fund apportioned to the township out of state funds, and also for a part of the special school fund which had been raised by a tax levied by the township trustee on the taxables in the township. In that part of the complaint in which plaintiff sought a recovery of part of the state fund, he set out the number of children of school age in the township and in the town, as disclosed by the last preceding enumeration. In that part seeking to recover part of the township fund which had been collected by virtue of the tax levied on the property in the township, the value of the taxable property in the township and in the town was given. The cause was reversed because of error in sustaining a demurrer to the complaint. The court, after calling attention to the law requiring an enumeration of children of school age, and in referring to the distribution of state revenues for tuition, said: "The enumeration of children, thus annually made, forms the basis for the semi-annual distributions of the school revenues for tuition to the several school corporations throughout the state, and the amount of such revenues, thus distributed to each of such corporations, is made to depend upon the number of children between the

ages of six and twenty-one years, except married persons, residing within the corporation, or transferred thereto for educational purposes."

It would seem that the court was of the opinion the state revenues for tuition should be distributed in proportion to the number of children as shown by the enumeration taken for that purpose. There was no statutory provision concerning the division and distribution of township funds, and the court said nothing directly upon that subject, and it is only by inference that we can say the court was of the opinion that the township fund might be divided in the same manner as state funds.

In *Towle, Trustee,* v. *Brown, Aud., supra,* a township had been divided and a new township organized. The trustee of the old township was demanding that the county auditor draw a warrant in his favor for the whole of the several civil township funds, and of the special school revenue and of the tuition fund for common school purposes, that would have belonged to the old township if there had been no division. The auditor apportioned the several civil township funds according to the amount of taxable property in the new township and the number of persons paying poll tax. The auditor at the same time apportioned to the new township a portion of the "special school revenue" and of the tuition fund for "common school purposes" to which the old township would have been entitled if there had been no division, such apportionment being based upon the enumeration of school children residing upon the territory of the new township. The old township insisted that it was "entitled to the exclusive use and control of all revenues derived from taxes assessed under its name, and under its authority, before such new township was organized." In denying this contention, the court said: "In the absence of express

legislation, or some constitutional provision on the subject, the general rule is, that on the division of a township, or other municipal corporation, into two separate townships, or corporations, each is entitled to hold in severalty the public property which falls within its territorial limits. * * * But as to money, choses in action, or other kindred property, in existence at the time of the division, the rule is not so well defined. In the absence of an express provision as to that class of property, the respective claims of the two corporations become a matter of equity jurisdiction, and must be adjusted upon equitable principles." The court, after referring to the Johnson case, applied the equitable principles there recognized, and held that the basis adopted by the auditor in apportioning the civil township funds which had been raised by a tax levied on all of the taxable property in the township on the basis of taxable values was equitable.

And in the instant case, in the absence of facts showing that such a division of the money raised by taxes levied on the property in the township would not be equitable, we see no reason for adopting a different rule in apportioning funds raised by a local tax for school purposes than that which the courts have held was equitable and proper in case of civil township funds collected in the same manner.

Sections 6797 and 6798 Burns 1926 recognize a distinction between revenue raised by local taxation and the tuition revenue which belongs to the state. *School City* v. *Harrison School Tp.* (1916), 184 Ind. 742, 112 N. E. 514. There are no facts found which will warrant us in holding that the basis adopted by the trial court did not result in an equitable division of the funds.

Judgment affirmed.

Dausman, J., absent.